# Richmond

ROBERT C. FALDEN *v.* COMMONWEALTH OF VIRGINIA.

January 14, 1937.

Present, All the Justices.

The opinion states the case.

*Carter & Williams* and *Margaret L. Carter*, for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Ralph H. Ferrell, Jr., Special Assistant,* for the Commonwealth.

CAMPBELL, C. J., delivered the opinion of the court.

The accused was twice tried in the Corporation Court of the city of Danville, upon this indictment:

"In the Corporation Court of Danville.

"The Jurors of the Commonwealth of Virginia, in and for the body of the City of Danville, and now attending said Court at its November term, in the year 1935, upon their oaths present that Robert Cornelius Falden on the 2nd day of November in the year 1935, in said City, in and upon one Henry Clay Morris feloniously and maliciously did make an assault, and him, the said Henry Clay Morris, did then and there feloniously put in bodily fear and danger of his life, by the presentation of a deadly weapon, to-wit, an iron pipe, and Unted States Currency to the value of $——, the exact amount unknown to the grand jurors, and one lot of United States mail, the value of same unknown to the grand jurors, all of said property being the property of the United States, being at the time aforesaid in the lawful possession of the said Henry Clay Morris, in the city aforesaid, from the custody and control and in the presence of the said Henry Clay Morris, in the city aforesaid, feloniously and violently did attempt

to steal, take and carry away, against the peace and dignity of the Commonwealth."

Upon the first trial the accused was found guilty by a jury and his punishment fixed at ten years' confinement in the penitentiary. Upon motion of accused, the verdict was set aside and a new trial awarded. Upon the second trial he was convicted and his punishment fixed at nine years in the penitentiary. The motion of the accused to set aside the verdict as contrary to the law and the evidence was overruled and he was sentenced accordingly.

The motion of the accused to set aside the verdict as contrary to the law is well founded.

Upon motion of the attorney for the Commonwealth, and over the objection of the accused, the court gave the following instructions:

"No.1 The Court instructs the jury that the defendant, Falden, is being tried for an attempt to rob the United States Mail Truck, as charged in the indictment.

"The Court further instructs the jury that an attempt to commit a crime is composed of two elements:

"1. An intent to commit the crime.

"2. A direct ineffectual act done towards its commission.

"Therefore if you believe from the evidence beyond a reasonable doubt that the defendant, Falden, did on the 2nd day of November, 1935, attempt to rob the United States Mail Truck, as charged in the indictment, by the presentation of an iron pipe and that such pipe was a deadly weapon, you should find him guilty and fix his punishment at confinement in the penitentiary not less than one nor more than ten years.

"No. 2. The Court further instructs the jury that the crime of robbery consists in the theft of property from the person, or in the presence of the person having lawful charge of same, accomplished by violence, or putting in fear, or the presentation of a deadly weapon.

"No. 3. The Court instructs the jury that if they do not believe from the evidence beyond a reasonable doubt that the defendant attempted to rob the mail truck by the presentation of a deadly weapon, but do believe from the evidence

beyond a reasonable doubt that he did attempt to rob by threats or putting in fear by other means, you should find him guilty and fix his punishment by confinement in the penitentiary not less than one nor more than five years or in the discretion of the jury by confinement in jail not to exceed twelve months."

In the companion case of *Falden* v. *Commonwealth*, ante, page 542, 189 S. E. 326, this day decided, we held that Falden, the accused, could not be found guilty of a conspiracy *to rob a mail truck*, the property of the United States. The crime of robbery is fully discussed in the opinion in that case and it is unnecessary to again enter upon a discussion of the same, further than to say that robbery is a crime against the person. In the indictment, *supra,* this principle of law is recognized and the accused is specifically charged with an attempt to commit the crime of robbery against the person of one Henry Morris.

The trial court correctly instructed the jury, in the second instruction, in strict conformity with the holding of this court in the conspiracy case against Falden. It follows, therefore, that the court erred when in instruction No. 1 it told the jury, contrary to the charge in the indictment and contrary to the law, that the accused "is being tried for an attempt to rob the United States Mail Truck." Then, too, instruction No. 1 is erroneous for the reason that it tells the jury that if they believe from the evidence, beyond a reasonable doubt, that the accused "did on the 2nd day of November, 1935, attempt to rob the United States Mail Truck, *as charged in the indictment,* by the presentation of an iron pipe and that such pipe was a deadly weapon," then they should find him guilty.

Instruction No. 3 is erroneous for the reason that it tells the jury they can find the accused guilty if they believe from the evidence beyond a reasonable doubt that the accused did attempt "to rob by threats or putting in fear by other means."

The allegation in the indictment is putting Morris in fear by the presentation of a deadly weapon.

It is also assigned as error that the court refused to give instruction "A" as requested by the accused. That instruction reads:

"The Court instructs the jury that if they believe from the evidence that the driver Morris parted with possession of the truck and its contents willingly and in accordance with a previous plan to which he was a party and not because of any force exercised by the defendant or any person and not because he, the said Morris, was put in fear by the defendant or any other person, then they must find the defendant not guilty of an attempt to commit robbery."

As heretofore stated, the alleged crime charged in the indictment was the felonious attempt to rob Morris by putting him in fear. The method employed was the presentation of an alleged deadly weapon, to-wit, an iron pipe. Whatever crime, if any, the accused may have committed, he certainly could not have been guilty of an attempt to commit robbery by the means of putting his victim "in bodily fear," if the Commonwealth fails to show beyond a reasonable doubt that the victim of the attempt was actually put in fear by the conduct of the accused. Whether or not Morris would have parted voluntarily with the property in his possession, or through fear engendered by the conduct of the accused, is a question of fact and should have been submitted to the jury.

The accused further assigns as error the refusal of the court to give instructions "D" and "E." It was not error to refuse these instructions in their present form. They also deal with the robbery of a "'mail truck" and have no place in a case involving the crime of robbery.

The last assignment of error challenges the action of the court in refusing, upon motion of the accused, to strike out the evidence of the Commonwealth on the ground that the evidence adduced shows plainly that the accused was the victim of an entrapment scheme concocted and put into operation by members of the police force of the city of Danville.

In view of our conclusion to reverse the judgment, for the

reasons assigned, and to order a new trial, it would be improper to discuss this phase of the case based upon the evidence. However, we think it proper to briefly give our view of the law touching the question of entrapment, as the question will no doubt arise upon the new trial.

In *O'Brien* v. *United States* (C. C. A. 7 1931), 51 F. (2d) 674, and in *Sorrells* v. *United States*, 287 U.S. 435, 53 S. Ct. 210, 217, 77 L. Ed. 413, 86 A. L. R. 249, the federal rule is discussed at length and the conclusion reached that it is against public policy to sustain a conviction for a violation of a federal statute when it appears that the commission of the crime was induced by the officers of the government. The rules relative to entrapment adopted by the various States will be found in 18 A. L. R. 146-192; 66 A. L. R. 478-508; 86 A. L. R. 263-274, and are too numerous to attempt to analyze or harmonize.

The only decision of our court bearing on the doctrine of entrapment is *Bauer* v. *Commonwealth*, 135 Va. 463, 115 S. E. 514. The holding in that case was, in effect, that this court refused to apply the doctrine of entrapment in a case involving a violation of the prohibition law. See also, 10 Va. Law Review 316.

In our opinion many of the courts have gone far afield in their excoriation of those men whose duty it is to prevent a criminal element of society from preying upon the law-abiding citizen. We are in thorough accord with the doctrine that if an officer, for the sake of reward, promotion, or revenge incites or induces a citizen to commit a crime, then the offender is absolved on the ground that such conduct upon the part of the officer is obnoxious to the fundamental doctrine of public policy. It is the duty of every good citizen to help the criminally-minded remain law-abiding. On the other hand, when a private citizen or an officer is cognizant of an impending violation of the law, it is his duty to use all legitimate means to prevent the commission of the offense and to apprehend the offender.

In *Sorrells' Case, supra,* entrapment is thus defined:

"Entrapment is the conception and planning of an offense

by an officer, and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion, or fraud of the officer."

In the numerous cases we have examined which deal with entrapment the line of cleavage seems to be whether the inducement or incitement on the part of the officer has been active or passive. If active then for reasons stated the prosecution fails. In our opinion the proper rule is found in 18 A. L. R. 146. There we read:

"Where the doing of a particular act is a crime regardless of the consent of anyone the courts are agreed that if the criminal intent originates in the mind of the accused and the criminal offense is completed the fact that an opportunity is furnished or that the accused is aided in the commission of the crime in order to secure the evidence necessary to prosecute him therefor, constitutes no defense. To the argument that the act is done at the instigation or solicitation of an agent of the government, the courts have responded that the purpose of the detective is not to solicit the commission of the offense, but to ascertain if the defendant is engaged in an unlawful business."

If there be conflict in the evidence as to whether the criminal intent originated in the mind of the accused or was induced or incited by the officer, then the solution of the question should be submitted to the jury.

For reasons stated, the judgment complained of must be reversed.

*Reversed.*

GREGORY, J., dissenting.

This court, by the majority opinion, is reversing the judgment of the trial court for granting an erroneous instruction defining robbery upon a ground not asserted by the accused nor passed upon by the trial court. This court is again of its own motion interposing an objection upon a ground which was not claimed below and is not claimed here. The many objections urged to the instructions in the court below by counsel for the accused may be valid but the record clearly

shows that the main point upon which the reversal of the judgment here stands has never been made by the accused either here or in the court below. In this respect the majority opinion is subject to the same criticism as has been made of the other *Falden Case*, ante, page 542, 189 S. E. 326, this day decided.