# Richmond

WILFORD HARLEY NEIGHBORS V. COMMONWEALTH OF VIRGINIA.

June 11, 1973.

Record No. 8160.

Present, All the Justices.

*John H. Kennett, Jr.,* for plaintiff in error.

*Gilbert W. Haith, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

Per Curiam.

The defendant, Wilford Harley Neighbors, was found guilty by a jury of distributing the controlled drug morphine sulphate. The punishment fixed by the jury, twenty years in the penitentiary, was imposed by the trial court. We granted a writ of error to review the trial court's refusal to submit to the jury the defense of entrapment.

The principal witness for the Commonwealth was W. M. Patterson. He testified that he had been a drug addict and, at the time of the defendant's trial, had been arrested and convicted of illegal possession of heroin, although he had not yet been sentenced. He stated that while he was in jail awaiting trial, he had "gotten to the end of [his] rope" and "wanted out," so he decided to reform. He agreed to cooperate with the police in apprehending drug pushers. He testified that no promises were made to him by the police. However, he was told that "the Judge would be informed of [his] cooperation." His bail was reduced, and he was released from jail.

Patterson further testified that on the afternoon of January 3, 1972, some time after his release from jail, the defendant called on him

at his place of employment and asked him if he "wanted to buy some morphine sulphate." Patterson agreed to meet the defendant at a specified time and place. After the defendant left, Patterson notified the police of the arrangements. Patterson met the defendant as agreed, the sale of morphine sulphate took place under the surveillance of the police, and the defendant was arrested. Patterson also testified that he had previously purchased drugs from the defendant.

The defendant, testifying in his own behalf, stated that Patterson came to his home early in the morning of January 3, 1972, and asked him if he had any drugs. According to the defendant, he told Patterson that he was trying to get away from drugs and "didn't have anything." Patterson kept "begging" for drugs, the defendant said, and had to be forced "out the door."

The defendant further testified that later the same morning he was in a poolroom when Patterson entered and again asked for drugs, stating that he was "about to die." The defendant told Patterson he did not "have anything" but would see what he could do. He then went to a "Kingpin of the drug store break ins" and purchased two morphine sulphate tablets. He called on Patterson at the latter's place of employment and arranged a later meeting. The two met as agreed, and the defendant sold the morphine sulphate tablets to Patterson, whereupon the defendant was arrested. The defendant admitted that he had previously sold or given drugs to Patterson.

The defendant contends that the evidence, although in conflict, was sufficient to support his theory that he was induced by Patterson, acting as the agent of the police, to make the illegal sale of drugs. Thus, it was error, the defendant argues, for the trial court to refuse to permit the jury to consider the defense of entrapment.

We do not agree. When the evidence is viewed in the light most favorable to the theory of entrapment, it is clear that all the police and Patterson did was to afford an opportunity for the commission of the offense, an opportunity the defendant willingly accepted. Therefore, the evidence was insufficient, as a matter of law, to create a jury issue on entrapment. *United States* v. *Russell*, 93 S. Ct. 1637 (1973); *George Wood* v. *Commonwealth*, 213 Va. 363, 367, 192 S.E.2d 762, 765 (1972); *Johnson* v. *Commonwealth*, 211 Va. 815, 818, 180 S.E.2d 661, 663 (1971).

The judgment of the trial court will be affirmed.

*Affirmed.*