Alexandria

# PRINCE ALLEN PANNELL

v.

# COMMONWEALTH OF VIRGINIA

No. 0202-88-4

Decided October 3, 1989

COUNSEL

Gwendolyn M. Hickman, for appellant.

Virginia B. Theisen, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**DUFF, J.**—Prince Allen Pannell appeals his jury conviction for distribution of cocaine to a minor, at least three years his junior, in violation of Code § 18.2-255. Pannell was sentenced to twenty years in the penitentiary and a $5,000 fine. On appeal, he presents two issues: (1) whether the trial court erred in refusing to grant a jury instruction on entrapment; and (2) whether the trial court erred in refusing to grant the defendant's motion to strike because the evidence was insufficient to establish that the defendant knew that the person to whom he distributed the cocaine was under eighteen. Upon our review of the record, we find no error and affirm the conviction.

The record reveals that on June 11, 1987, at approximately 2:30 p.m., Angelique Petta and her fifteen year old friend, Lisa Semanchick, went to an Arlington 7-11 store to purchase a snack. Upon leaving, Angelique spoke with the appellant, Prince Allen Pannell, who was twenty-three years old. Pannell introduced himself and during the conversation asked Angelique if she used drugs or if she knew anyone who did. He told her that if she ever needed

drugs to call him. He also asked her for a date and gave her his phone and beeper number. Upon leaving the store, the two girls went to Semanchick's house where they decided to contact the police.

After speaking with the girls, the police obtained permission from the their parents to allow the girls to assist in the investigation. Beginning on June 16, Angelique made telephone calls to Pannell in an effort to purchase drugs. All of the calls were recorded, except the first one, during which the recording machine malfunctioned. Angelique and Pannell set up a meeting, and at 11:30 a.m. on June 17, the police gave Angelique $300 and took her to the same 7-11 store to purchase cocaine from the appellant. She was wearing a microphone. The serial numbers of the money were recorded and the money was photocopied. Upon her arrival, Angelique met the appellant, who was accompanied by an accomplice, Reginald Johnson. Pannell asked her if she had the money, to which she answered, "yes." They then proceeded to walk to a black van parked nearby. While inside the van, Angelique gave the appellant the money in exchange for cocaine. The entire conversation was monitored by police. When they observed Angelique walk away from the sale, they arrested Pannell and Johnson. The police recovered the money from Johnson and the cocaine from Angelique. At trial, Pannell denied having anything to do with drugs, but asserted that it was Angelique who had requested that he get them for her, which he had been unable to do. He admitted, however, that while in the van he had discussed with her a scale used for weighing cocaine.

█ On appeal, Pannell argues the evidence was sufficient to warrant a jury instruction on entrapment. We disagree. "It is error to give an instruction, though correct as an abstract statement of law, unless there is sufficient evidence in the record to support it." *Swift v. Commonwealth*, 199 Va. 420, 424, 100 S.E.2d 9, 13 (1957). Appellant argues that Angelique was an agent for the police, asserting that she had asked him for narcotics a number of times before he actually agreed. He alleges that Angelique led him to believe that she would date him if he obtained the drugs for her.

The appellant throughout the trial denied committing any crime. He testified that he had attempted to obtain cocaine for Angelique but had failed in his efforts. In the taped conversations,

when he referred to "stuff," Pannell explained he was speaking of VHS tapes and not drugs. He also testified that his statement in the van to Johnson: "Well, Reggie, you got anything for me?" was referring to a soda and a bag of potato chips. He testified that he did not see cocaine on that day, although he admitted he had been speaking to Angelique about triple beam scales which are used in the weighing of cocaine. He testified he had never used drugs and then admitted that he had used them at one time.

■ "Entrapment is the conception and planning of an offense by an officer, and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion, or fraud of the officer. . . ." *Schneider v. Commonwealth*, 230 Va. 379, 381, 337 S.E.2d 735, 736 (1985) (quoting *Sorrells v. Commonwealth*, 287 U.S. 435, 454 (1932)). The court went on to hold that "[t]here is nothing improper in the use, by the police, of decoys, undercover agents, and informers to invite the exposure of willing criminals and to present an opportunity to one willing to commit a crime." *Id.* (quoting *Stamper v. Commonwealth*, 228 Va. 707, 715, 324 S.E.2d 682, 687 (1985)).

When the evidence is viewed in the light most favorable to the theory of entrapment, it is clear that Pannell initiated the drug transaction with Angelique and the police merely afforded an opportunity for Pannell to commit the offense. *See Neighbors v. Commonwealth*, 214 Va. 18, 19, 197 S.E.2d 207 (1973).

The mere fact that Pannell testified that Angelique first brought up the subject of drugs does not entitle him to an instruction on entrapment. In *Neighbors*, the principal witness was W. M. Patterson, a man convicted of a drug offense, who had agreed to assist the police in drug investigations. Patterson testified that the defendant, Neighbors, had come to his place of employment and asked if he wanted to buy some morphine sulfate. Patterson agreed to meet him at a specified time and place to make the transaction. Patterson notified the police, and Neighbors was subsequently arrested. Neighbors testified at trial that Patterson had come to his home early one morning and begged him to get him drugs, but he told Patterson that he did not have any, and had to force him out the door. *Id.* Neighbors stated that later the same morning Patterson came to the poolroom where he was and again asked for drugs, telling Neighbors he was about to die. Neighbors told Patterson that he did not have anything, but he would see

what he could do. He later purchased drugs, called on Patterson at his employment and arranged the later meeting. *Id.* The Supreme Court held that Patterson had only afforded Neighbors the opportunity to commit the offense, and, therefore, the evidence was insufficient, as a matter of law, to warrant a jury instruction on entrapment. *Id.* For the reasons expressed in *Neighbors*, we hold that the trial court did not err in refusing Pannell's requested instruction on entrapment.

Pannell next contends that the court erred in refusing to grant his motion to strike the charge of knowing or intentional distribution of cocaine to persons under eighteen years of age. He argues that, under the statute, the defendant must have actual knowledge of the person's age, and the evidence was insufficient to support this element of the offense.

We disagree. The pertinent part of Code § 18.2-255 provides:

It shall be unlawful for any person who is at least eighteen years of age to knowingly or intentionally distribute any drug classified in Schedule I, II or III or marijuana to any person under eighteen years of age who is at least three years his junior. . . .

The language in the statute is clear. The phrase, "knowingly or intentionally," modifies the phrase, "distribute any drug." The Commonwealth was required to prove that the defendant knowingly or intentionally distributed a controlled drug. The statute does not require proof that the defendant knew the age of his drug purchaser. The purpose of this statute is to provide enhanced punishment, where children are involved, to an activity which is illegal no matter what the age of the purchaser. "It is a settled rule . . . that where a statute is plain and unambiguous there is no room for construction by the court and the plain meaning and intent of the statute will be given it." *McClung v. County of Henrico*, 200 Va. 870, 874, 108 S.E.2d 513, 516 (1959).

For the foregoing reasons the conviction appealed from is affirmed.

*Affirmed.*

Baker, J., and Hodges, J., concurred.