COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Senior Judge Hodges
Argued at Norfolk, Virginia


EDDIE ROBERTSON, S/K/A
 EDDIE DARNELL ROBERTSON
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 0191-96-1    JUDGE RICHARD S. BRAY
                                       NOVEMBER 5, 1996
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF WILLIAMSBURG
                    AND COUNTY OF JAMES CITY
                 William L. Person, Jr., Judge

          Andrew A. Protogyrou (Knight, Dudley, Clarke &
          Dolph, P.L.C., on brief), for appellant.

          Margaret Ann B. Walker, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.



     Eddie Darnell Robertson (defendant) was convicted in a bench

trial for distribution of cocaine in violation of Code

§ 18.2-248.  Defendant complains on appeal that the trial court

erroneously rejected his entrapment defense.  Finding no error,

we affirm the conviction.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the issue on appeal.

     "Entrapment is the conception and planning of an offense by

an officer, and his procurement of its commission by one who

would not have perpetrated it except for the trickery,

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

persuasion, or fraud of the officer."  Stamper v. Commonwealth, 228 Va. 707, 715, 324 S.E.2d 682, 687 (1985) (quoting Sorrells v. United States, 287 U.S. 435, 454 (1932)); see McCoy v. Commonwealth, 9 Va. App. 227, 231, 385 S.E.2d 628, 630 (1989). Entrapment occurs when criminal conduct of an accused results from "'creative activity' [by police] that implants in the mind of an otherwise innocent person the disposition to commit an offense and induces its commission in order to prosecute." Stamper, 228 Va. at 715, 324 S.E.2d at 687 (quoting Johnson v. Commonwealth, 211 Va. 815, 817-18, 180 S.E.2d 661, 663 (1971)). However, "[t]here is nothing improper in the use, by the police, of decoys, undercover agents, and informers to invite the exposure of willing criminals and to present an opportunity to one willing to commit a crime."  Id.; see Pannell v. Commonwealth, 9 Va. App. 170, 173, 384 S.E.2d 344, 346 (1989). Moreover, "[r]eluctance to engage in crime is not transformed into entrapment whenever a person hesitantly, but willingly, acquiesces in the request of a close ally to commit a crime." McCoy, 9 Va. App. at 232, 385 S.E.2d at 630.

> When a defendant waives a jury trial the trial judge assumes the role of the jury in deciding whether entrapment has occurred. Accordingly, his factual findings are entitled to the same weight as that accorded a jury verdict and will not be disturbed on appeal unless plainly wrong or without evidence to support them.  This is so because the credibility of witnesses and the weight accorded their testimony are matters solely for the fact finder who has the opportunity of seeing and hearing the witnesses.

- 2 -

Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985) (citations omitted).

Here, although defendant initially may have been unaware of the undercover officer's intention to purchase drugs, once her purposes were made known to him, he stated that he had "no problem" with people using crack cocaine and he could take the officer to "somebody that had it." When the officer refused to purchase the cocaine herself, defendant received the purchase money from her, obtained the drug from another and delivered it to the officer. Under such circumstances, we are guided by the Supreme Court's holding in Neighbors v. Commonwealth, 214 Va. 18, 197 S.E.2d 207 (1973).

In Neighbors, the government agent came to Neighbors' home, "begging" for drugs, and "had to be forced 'out the door.'" Id. at 19, 197 S.E.2d at 208. Later that same day, the agent again asked Neighbors for drugs, pleading that he was "'about to die.'" Id. After advising that "he did not 'have anything' but would see what he could do," Neighbors purchased the requested narcotics, contacted the agent, and resold the drugs to him. Id. The Court reasoned that "all the police . . . did was to afford an opportunity for the commission of the offense, an opportunity the defendant willingly accepted," concluding that "the evidence was insufficient, as a matter of law, to create . . . entrapment." Id. at 19, 197 S.E.2d at 208-09.

Here, the officer's overtures were even less compelling, but

defendant willingly facilitated the transaction, acting as both agent and courier, free of trickery, persuasion, or fraud by police.

Accordingly, we affirm the conviction.

Affirmed.