COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Benton and Overton
Argued at Norfolk, Virginia


DANNY LOPEZ MARTINEZ

MEMORANDUM OPINION[*] BY
v.          Record No. 0176-96-1          JUDGE NELSON T. OVERTON
DECEMBER 3, 1996

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
William F. Rutherford, Judge

Jan F. Hoen (Zoby & Broccoletti, on brief),
for appellant.

John K. Byrum, Jr., Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.


Danny Lopez Martinez was convicted by a jury of robbery in violation of § 18.2-58 and the use of a firearm in the commission of robbery in violation of § 18.2-53.1. He appeals his convictions, contending that the trial court erred in refusing to grant his jury instruction on a claim of right defense. Because we find that the evidence does not support such an instruction, we affirm.

The parties are fully conversant with the record in the cause, and a recitation of the facts is unnecessary to this memorandum opinion.

"A jury must be instructed on any theory or affirmative defense supported by the evidence." McCoy v. Commonwealth, 9 Va.

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

App. 227, 229, 385 S.E.2d 628, 629 (1989); see Stevenson v. United States, 162 U.S. 313, 322 (1896). This Court must decide whether the evidence when viewed in the light most favorable to the defendant's theory required the requested instruction. McCoy, 9 Va. App. at 229, 385 S.E.2d at 629; see Neighbors v. Commonwealth, 214 Va. 18, 19, 197 S.E.2d 207, 208 (1973).

Martinez requested two jury instructions pertaining to the claim of right defense. Martinez argues that if he took the property "under a bona fide claim of right, as under a claim of ownership or in a bona fide attempt to enforce payment of a debt," then he lacked the necessary criminal intent and his convictions fail. See Pierce v. Commonwealth, 205 Va. 528, 533, 138 S.E.2d 28, 32 (1964). The defense's theory in this case stems solely from a statement made by Martinez at the time of the incident and overheard by other witnesses. Martinez asked the alleged robbery victim where the money was that the victim owed him. On appeal, he now contends that this statement is sufficient evidence so that a jury could reasonably conclude that he was acting under a claim of right, thus absolving him from the offense of robbery.

We disagree. Although Martinez's statement provided some evidence that he believed that the victim owed him money, no evidence was presented to prove the amount that was owed. No connection was made between the amount taken from the victim and the amount of the alleged debt. In addition to money, the

victim's wallet and its contents were taken by Martinez when he ran away.

These circumstances do not provide the requisite evidence to support a jury instruction for a claim of right defense. Because no evidence proved that Martinez took no more than he was owed, the evidence did not present a factual basis from which the jury could have determined whether Martinez had a bona fide claim to what he took. Cf. Butts v. Commonwealth, 145 Va. 800, 815, 133 S.E. 764, 768-69 (1926) (taking was bona fide where the defendant demanded or took no more than what was due him). When the evidence proves the amount owed and the amount taken, the question of bona fides becomes an issue for the trier of fact. See Pierce, 205 Va. at 533-34, 138 S.E.2d at 32. If the proposed instruction had been given, the jury would have been required to speculate as to the amount of the debt. Thus, the evidence in this case did not support a claim of right jury instruction.

For the reasons stated, the convictions are affirmed.

Affirmed.