COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Benton and Clements
Argued at Chesapeake, Virginia


ROBERT ALONZA HARRELL

MEMORANDUM OPINION[*] BY
v.   Record No. 2821-99-1    CHIEF JUDGE JOHANNA L. FITZPATRICK
DECEMBER 19, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
V. Thomas Forehand, Jr., Judge

Richard L. Buyrn for appellant.

Shelly R. James, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Robert Alonza Harrell (appellant) was convicted in a jury

trial of attempting to possess cocaine. On appeal he contends the

trial court erred by failing to give the jury an entrapment

defense instruction. We disagree and affirm his conviction.

I.

On appeal, we must view the evidence "in the light most

favorable to the theory of entrapment" to determine if the

evidence could have supported a finding of entrapment. Neighbors

v. Commonwealth, 214 Va. 18, 19, 197 S.E.2d 207, 208 (1973);

accord Lynn v. Commonwealth, 27 Va. App. 336, 344, 499 S.E.2d 1,

4-5 (1998), aff'd, 257 Va. 239, 514 S.E.2d 147 (1999).

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Viewed in the light most favorable to appellant, on the night of March 22, 1996, appellant and a friend drove to the MacDonald Manor area of Chesapeake to find appellant's son. He testified that he was not looking for drugs that evening. At approximately 10:40 p.m. appellant parked his car, got out and yelled at two men on the street corner, a known drug area, whether they had seen his son Tion. The men on the street corner were undercover police officers conducting a reverse sting operation. The undercover officers responded that Tion was not around, and appellant began toward a friend's house. As he was walking away from the corner, one of the undercover officers, Detective Hammond (Hammond), called out to him and initiated a conversation. Hammond was dressed in the manner of a drug dealer and spoke to appellant as if he was a drug dealer. Appellant did not "think he was a police officer." As Hammond approached, he showed appellant what appeared to be drugs. Appellant gave Detective Hammond twenty dollars and received the drugs in return. Appellant admits that he purchased the drugs claiming "I was weak at that time" and "was just being vulnerable."

Appellant argues that the undercover officers tricked him into believing that they were drug dealers selling "crack cocaine."[1] He was not the instigator of the transaction and but

---

[1] The "crack cocaine" was actually macadamia nuts coated with flour.

for the police actions, he would not have bought the "crack cocaine."

Appellant was arrested later that evening and charged with attempting to possess crack cocaine. At trial, appellant requested an instruction on entrapment.[2] The trial court refused, stating there was no evidence that the officers originated the criminal intent in the mind of the defendant. They merely presented an opportunity which appellant took.

---

[2] Appellant's proposed jury instruction read:

> Entrapment is the origination and planning of an offense by an officer of the law and his procurement of its commission by one who would not have committed it except for the trickery, persuasion or fraud of the officer. Where a person intends to and does commit the crime, the fact that officers of the law provided a favorable opportunity for, aided or encouraged the commission of the offense is not entrapment. If you believe:
>
> > (1) That the defendant had no previous intent or purpose to commit the crime; and
> > (2) That an officer of the law, directly or through his agents, originated in the mind of the defendant the idea to commit the crime; and
> > (3) That an officer of the law, directly or through his agents, caused the defendant to commit the crime by trickery, persuasion or fraud.
>
> Then you shall find the defendant not guilty even though you may believe from the evidence that he consented to the commission of the crime.

-

The sole issue on appeal is whether the trial court erred in refusing to grant appellant's request for an entrapment jury instruction. "'[T]he trial court should instruct the jury only on those theories of the case which find support in the evidence.'" Woolridge v. Commonwealth, 29 Va. App. 339, 348, 512 S.E.2d 153, 157 (1999) (quoting Morse v. Commonwealth, 17 Va. App. 627, 632-33, 440 S.E.2d 145, 149 (1994)). Even though an instruction correctly states the law, it should not be given "'if it is not applicable to the facts and the circumstances of the case.'" Id. (quoting Hatcher v. Commonwealth, 218 Va. 811, 813-14, 241 S.E.2d 756, 758 (1978)). Unless sufficient evidence exists to support giving the instruction, it is error to give the instruction even if the instruction correctly states the law. See Howard v. Commonwealth, 17 Va. App. 288, 293, 437 S.E.2d 420, 424 (1993). The instruction "must be supported by more than a scintilla of evidence" which "is a matter to be resolved on a case-by-case basis." Woolridge, 29 Va. App. at 348, 512 S.E.2d at 157 (citations omitted).

"In a jury trial, it is a trial court's function to determine whether there is sufficient evidence to submit the issue of entrapment to the jury." Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736 (1985).

> "Entrapment is the conception and planning
> of an offense by an officer, and his
> procurement of its commission by one who

-

would not have perpetrated it except for the trickery, persuasion, or fraud of the officer."  Entrapment occurs when the defendant's criminal conduct was the product of "'creative activity' [by the police] that implants in the mind of an otherwise innocent person the disposition to commit an offense and induce its commission in order to prosecute."  If the criminal design originated in the mind of the defendant and the police did no more than "afford an opportunity for the commission of a crime" by a willing participant, then no entrapment occurred.

McCoy v. Commonwealth, 9 Va. App. 227, 231, 385 S.E.2d 628, 630 (1989) (citations omitted).

"There is nothing improper in the use, by the police, of decoys, undercover agents, and informers to invite the exposure of willing criminals and to present an opportunity to one willing to commit a crime."  Stamper v. Commonwealth, 228 Va. 707, 715, 324 S.E.2d 682, 687 (1985).  A conviction will not be barred on grounds of entrapment because the police merely afford an opportunity to commit a crime to one already willing to commit it.  See Schneider, 230 Va. at 382, 337 S.E.2d at 736.

Furthermore, the fact that the undercover agents initiated the conversation regarding drugs does not entitle the appellant to a jury instruction on entrapment.  See Panell v. Commonwealth, 9 Va. App. 170, 173, 384 S.E.2d 344, 346 (1989). "Encouragement or solicitation of the commission of a crime by one who is willing and predisposed to commit the crime does not constitute entrapment."  McCoy, 9 Va. App. at 232, 385 S.E.2d at

-

630. A person's willing acquiescence to engage in crime does not constitute entrapment because he hesitated before committing the crime. See id. at 232, 385 S.E.2d at 630.

When viewed in the light most favorable to appellant, the evidence established that two undercover officers, who appeared to be drug dealers, initiated a conversation concerning the sale of drugs. One of the undercover officers showed appellant what appellant believed was "crack cocaine." Upon being presented with an opportunity to buy what appeared to be "crack cocaine," appellant, without hesitation, purchased the drugs for twenty dollars.

Appellant's argument that he bought the drugs only because he was tricked into believing the undercover officers were drug dealers selling drugs is insufficient to establish the requisite basis for an instruction on entrapment. Once appellant's attention was drawn to the possibility of purchasing drugs, he readily accepted it. There was no evidence that Detective Hammond coerced, cajoled, threatened or otherwise persuaded appellant to buy the drugs. Accordingly, we hold that the trial court did not err when it refused to instruct the jury on entrapment and affirm the trial court's decision.

Affirmed.

-

Benton, J., dissenting.

"Although the Commonwealth prevailed at trial, the appropriate standard of review requires that we view the evidence with respect to the refused instruction in the light most favorable to [Harrell]." Boone v. Commonwealth, 14 Va. App. 130, 131, 415 S.E.2d 250, 251 (1992). Thus, we must view the evidence in the light most favorable to the theory of entrapment. The law is well established that "'[e]ntrapment is the conception and planning of an offense by an officer, and [the officer's] procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion, or fraud of the officer.'" Falden v. Commonwealth, 167 Va. 549, 555-56, 189 S.E. 329, 332 (1937) (quoting Sorrells v. United States, 287 U.S. 435, 454 (1932) (Roberts, J., concurring)). "Entrapment occurs when the defendant's criminal conduct was the product of '"creative activity" [by the police] that implants in the mind of an otherwise innocent person the disposition to commit an offense and induce its commission in order to prosecute.'" McCoy v. Commonwealth, 9 Va. App. 227, 231, 385 S.E.2d 628, 630 (1989) (citation omitted).

"It is a general rule that where the criminal intent originates in the mind of the entrapping person and the accused is lured into the commission of a crime which [the accused] had otherwise no intention of committing in order to prosecute [the accused] therefor, no conviction may be had, though the

-

committing of the act is not affected by any question of consent." Ossen v. Commonwealth, 187 Va. 902, 911, 48 S.E.2d 204, 208 (1948). "If there be conflict in the evidence as to whether the criminal intent originated in the mind of the accused or was induced or incited by the officer, then the solution of the question should be submitted to the jury." Falden, 167 Va. at 556, 189 S.E. at 332. In this case, as in Schneider v. Commonwealth, 230 Va. 379, 383, 337 S.E.2d 735, 737 (1985), "the evidence, when viewed in the light most favorable to the theory of entrapment, was sufficient to create an issue thereon for the fact finder."

The evidence proved the police officers were standing on a street playing the role of drug dealers and dressed so as to pass for drug dealers. They talked the language of people trying to sell drugs. When Donnell Hassell and Harrell left Harrell's car to walk to a friend's house, two men, later identified as police officers in plain clothes, called them to "come here for a second." As Harrell approached them, one of the officers "had his hand [open] like this trying to show him something."

Harrell testified that the officer in plain clothes called to him, "Hold up a minute," and "presented himself as a drug dealer." The officer "showed [Harrell] what [Harrell] thought was drugs" and instigated the conversation about drugs. Harrell testified that the officer "came up to [him] and was talking

-

. . . and he was saying, Look.  What's up.  I got this."  He testified that the officer "convinced [him] to buy it."

This evidence was sufficient for the jury to conclude that the officers actively initiated and instigated the sale of the cocaine by orally soliciting Harrell to come to them and convincing Harrell to buy the substance.  Despite Harrell's testimony that he "had a drug problem at one time" and "was a little vulnerable," the jury could have reasonably inferred that when the officer lured Harrell to purchase the cocaine the officers were actively soliciting buyers.

> Whatever may be the demerits of the defendant or his previous infractions of law these will not justify the instigation and creation of a new crime, as a means to reach him and punish him for his past misdemeanors.  He has committed the crime in question, but, by supposition, only because of instigation and inducement by a government officer.  To say that such conduct by an official of government is condoned and rendered innocuous by the fact that the defendant had a bad reputation or had previously transgressed is wholly to disregard the reason for refusing the processes of the court to consummate an abhorrent transaction.  It is to discard the basis of the doctrine and . . . , in effect, pivots conviction in such cases, not on the commission of the crime charged, but on the prior reputation or some former act or acts of the defendant not mentioned in the indictment.

> The applicable principle is that courts must be closed to the trial of a crime instigated by the government's own agents.  No other issue, no comparison of equities as between the guilty official and the guilty defendant, has any place in the enforcement

-

> of this overruling principle of public
> policy.

Sorrells, 287 U.S. at 458-59 (Roberts, J., concurring).

This record contains evidence that the police did more than merely provide the opportunity to commit a crime, cf. Schneider, 230 Va. at 381-82, 337 S.E.2d at 736, and did more than initiate a conversation about the sale of drugs, cf. Pannell v. Commonwealth, 9 Va. App. 170, 173, 384 S.E.2d 344, 346 (1989). In this case, Harrell testified that when he arrived at the scene of the transaction, he "was not looking for drugs. [He] was looking for [his] son." Thus, he produced evidence that, despite any past involvement with drugs, at the time in question, he was not at all predisposed to purchase drugs. Harrell did not acquire the desire to purchase drugs until the police "convinced" him to buy the fake drugs. This creative activity implanted the disposition in Harrell to commit the offense. See McCoy, 9 Va. App. at 231, 385 S.E.2d at 630. But for this intervention, Harrell, according to his testimony, never would have purchased crack cocaine on the date in question. Whether this testimony is believable is an issue that must be left to the jury. See Falden, 167 Va. at 556, 189 S.E. at 332.

The evidence of persuasion by the officers is significant. "In the numerous cases . . . which deal with entrapment the line of cleavage seems to be whether the inducement or incitement on

-

the part of the officer has been active or passive." Id. Based upon ample evidence of persuasion and inducement by the officer, Harrell was entitled to have the jury decide whether he was induced and encouraged by the officer and whether, absent that inducement and encouragement, he would have otherwise purchased the cocaine. See Ossen, 187 Va. at 911, 48 S.E.2d at 208. This evidence was sufficient to create a question of fact which the jury should have been allowed to resolve after being properly instructed on the law of entrapment.

For these reasons, I would reverse the conviction and remand for a new trial. I dissent.