COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judge Willis and
          Senior Judge Overton
Argued at Alexandria, Virginia


PHILLIP WEATHERS
                                        MEMORANDUM OPINION* BY
v.   Record No. 0987-00-4            JUDGE JERE M. H. WILLIS, JR.
                                           JANUARY 30, 2001
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                       Henry E. Hudson, Judge

          Martin W. Lester (Dwight F. Jones; Senior
          Assistant Public Defender; Office of the
          Public Defender, on briefs), for appellant.

          Donald E. Jeffrey, III, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     On appeal from his conviction of distribution of cocaine,

in violation of Code § 18.2-248, Phillip Weathers contends (1)

that the trial court erred in refusing to grant an instruction

on entrapment, (2) that the Commonwealth failed to comply with

the statutory notice and copy requirements for introducing

evidence of his prior convictions at sentencing, and (3) that

the evidence is insufficient.  We affirm the conviction.

_____

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

## I. BACKGROUND

On April 28, 1999, Detective Christopher C. Cochran was working with an undercover informant, seeking to purchase cocaine from Weathers. At about 9:00 p.m., Detective Cochran frisked the informant and drove to Weathers' residence. Weathers rode up on a bicycle and the three men introduced themselves. Weathers did not want Detective Cochran to remain in front of the house, so Detective Cochran drove to the end of the street and turned his car around to face the place where Weathers was standing.

The informant left Detective Cochran's vehicle and approached Weathers. The informant spoke with Weathers for "less than a minute" and returned to the vehicle.

Detective Cochran gave the informant $170. The informant walked back to Weathers. He stayed for less than a minute and returned. The informant gave $50 of the purchase money back to Detective Cochran. Detective Cochran kept the informant in sight throughout the transaction.

Weathers left on his bicycle and returned approximately ten minutes later. Detective Cochran drove up to the house. The informant got out and walked over to Weathers. After fifteen to twenty seconds, Detective Cochran exited his vehicle and approached the two men. He asked Weathers, "Hey, are we cool . . . . Do you have my stuff?" Weathers replied, "I don't know

what you're talking about.  You don't know how this works.  Go back to your truck."

While Detective Cochran was speaking with Weathers, the informant returned to the vehicle and sat in the passenger's seat.  Thinking the sale was not going to occur, Detective Cochran returned to his vehicle.  He looked over at Weathers, who was standing beside the passenger side of the vehicle, and said, "Man, I can't believe this is going to happen.  I can't believe I came out here and now I'm going to go home with nothing."

Weathers cut his eyes away from Detective Cochran down towards the center console area of the vehicle.  Detective Cochran saw there a crumpled $20 bill that had not been there previously.  Weathers pointed to the $20 bill and shrugged.  Detective Cochran opened the crumpled $20 bill and found crack cocaine inside.  The $20 bill matched one of the bills that he had given the informant earlier.

At the conclusion of the Commonwealth's case-in-chief, Weathers moved to strike the evidence, arguing that the evidence was insufficient to prove that he handled any drugs.  The trial court denied the motion.

Weathers told a different story.  He testified that he never saw Detective Cochran until about 11:00 p.m. that night when "[Detective Cochran] ran into [Weathers'] backyard screaming."  He testified that just before he saw the detective,

-

the informant came to his back door and said, "Look, I need you to do something for me.  I'll take care of you."  He said that the informant asked him to ride his bicycle to the corner and back and promised him some crack cocaine if he did so.  He stated that he rode his bicycle to the corner and back, so that he could get a "free high."  He denied committing the offense.

Weathers renewed his motion to strike the evidence, again challenging the sufficiency of the evidence to prove that he distributed cocaine.  The court denied the motion.

Weathers requested an entrapment instruction.  The trial court refused this instruction, ruling that there was no factual basis for it.  Weathers was convicted of distribution of cocaine.

## II.  ENTRAPMENT INSTRUCTION

On appeal of the refusal of a jury instruction, "we view the evidence with respect to the refused instruction in the light most favorable to [Weathers]."  Boone v. Commonwealth, 14 Va. App. 130, 131, 415 S.E.2d 250, 251 (1992).  When reviewing a refused entrapment instruction, the Court views the evidence "in the light most favorable to the theory of entrapment." Neighbors v. Commonwealth, 214 Va. 18, 19, 197 S.E.2d 207, 208 (1973).  "If any credible evidence in the record supports a proffered [jury] instruction . . . , failure to give the instruction is reversible error."  Boone, 14 Va. App. at 132,

-

415 S.E.2d at 251.  However, that credible evidence must amount to "more than a mere scintilla."  Id.

"Entrapment is the conception and planning of an offense by an officer, and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion, or fraud of the officer."  Falden v. Commonwealth, 167 Va. 549, 555-56, 189 S.E. 329, 332 (1937).  "If the criminal design originated in the mind of the defendant and the police did no more than 'afford an opportunity for the commission of a crime' by a willing participant, then no entrapment occurred."  McCoy v. Commonwealth, 9 Va. App. 227, 231, 385 S.E.2d 628, 630 (1989) (quoting Huffman v. Commonwealth, 222 Va. 823, 828, 284 S.E.2d 837, 840 (1981)).

The record supports the trial court's refusal of the entrapment instruction.  Detective Cochran merely presented Weathers an opportunity to commit the crime.  Nothing in the record suggests that Weathers was coerced, tricked, or otherwise improperly drawn into committing the crime contrary to his predisposition.[1]

---

[1] Weathers denied that he distributed the cocaine.  He did not testify that he distributed it because he was tricked or coerced into doing so.  Citing Matthews v. United States, 485 U.S. 58 (1988), he argues that his entitlement to an entrapment defense is not dependent upon his acknowledgment that he committed the crime.  He asserts his right to alternative defenses, denial and entrapment.  Accepting without deciding that, under state law, Weathers was entitled to assert these alternative defenses, we hold nonetheless that the evidence

-

II.  <u>NOTICE OF INTENT TO INTRODUCE PRIOR CONVICTIONS</u>

Weathers next asserts that his prior felony convictions should not have been admitted at sentencing because the Commonwealth had not complied strictly with the requirements of Code § 19.2-295.1, which provides in pertinent part:

> The Commonwealth shall provide to the defendant fourteen days prior to trial notice of its intention to introduce evidence of the defendant's prior criminal convictions. . . . Prior to commencement of the trial, the Commonwealth shall provide to the defendant photocopies of certified copies of the defendant's prior criminal convictions which it intends to introduce at sentencing.

<u>Id.</u>  Weathers concedes that the Commonwealth complied with the fourteen-day notice requirement of the statute.  However, he argues that the Commonwealth did not provide him with photocopies of certified copies of the prior convictions prior to the commencement of trial.  Thus, he contends, the Commonwealth failed to comply strictly with the requirements of Code § 19.2-295.1, denying him a fair trial.

Our decision in <u>Lebedun v. Commonwealth</u>, 27 Va. App. 697, 501 S.E.2d 427 (1998), controls this issue.  There, we stated that "[t]he Commonwealth's failure to strictly comply with the procedural requirements of Code § 19.2-295.1 violated no substantive right and did not prejudice Lebedun's ability to

---

provided an insufficient predicate for an entrapment instruction.

-

contest the validity of the convictions." Id. at 717-18, 501 S.E.2d at 437.

Weathers was given proper notice of the Commonwealth's intention to rely on the prior convictions at sentencing. He made no showing that his ability to contest those convictions was prejudiced. Because the Commonwealth substantially complied with Code § 19.2-295.1 and Weathers had sufficient notice, the trial court did not err in admitting the convictions into evidence at sentencing.

### III. SUFFICIENCY OF THE EVIDENCE

On appeal, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). A judgment will not be set aside unless it is plainly wrong or without supporting evidence. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

We hold that the evidence is sufficient to prove beyond a reasonable doubt that Weathers distributed the cocaine found on the center console of the vehicle. Admittedly, without the informant's testimony, the evidence proving that the cocaine came from Weathers is purely circumstantial. However, "[c]ircumstantial evidence alone is sufficient to sustain a conviction." Johnson v. Commonwealth, 2 Va. App. 598, 604-05, 347 S.E.2d 163, 167 (1986) (citation omitted). When a case is

-

based on circumstantial evidence, the circumstances proved must be consistent with guilt and exclude every reasonable hypothesis of innocence. See Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983). However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

The circumstantial evidence in this case points unerringly to Weathers. His assertion that, because the informant did not testify, the Commonwealth failed to disprove the reasonable hypothesis that the informant placed the cocaine in the vehicle after procuring it from some other source lacks merit. See Jones v. Commonwealth, 21 Va. App. 435, 464 S.E.2d 558 (1995) (en banc). The informant was searched immediately before his contact with Weathers. He had no drugs on his person. Detective Cochran never lost sight of the informant. No evidence suggested the informant acquired the cocaine from a third person. Thus, such a hypothesis is "pure speculation and conjecture." Id. at 443, 464 S.E.2d at 562.

For the foregoing reasons, we affirm Weathers' conviction.

Affirmed.

-