# Edward Gilbert Schneider

## v.

# Commonwealth of Virginia

Record No. 841307

November 27, 1985

Present: All the Justices

*Robert C. Astor (Macaluso & Astor,* on brief), for appellant.
*Leah A. Darron, Assistant Attorney General (William G. Broaddus, Attorney General,* on brief), for appellee.

STEPHENSON, J., delivered the opinion of the Court.

In a bench trial, Edward Gilbert Schneider was found guilty of distribution of marijuana in violation of Code § 18.2-248.1(a)(3) and sentenced to eight years in the penitentiary, with three years suspended. The sole question in this appeal is whether the trial court erred in rejecting Schneider's defense of entrapment.

Schneider and Gary Harrison, acquaintances and fellow seamen in the United States Navy, were stationed aboard the aircraft carrier Nimitz. Harrison was also a police informant, posing as the brother of an armed and dangerous "heavy duty drug dealer." In reality, the "drug dealer" was Detective L. D. Smith, an undercover officer with the Newport News police department's vice squad.

Schneider, a "heavy social user" of marijuana, had purchased two ounces of "high grade" "sinsemilla" marijuana from William "Steve" Edwards in November 1983. Schneider offered to share this marijuana with Harrison, describing it at trial as "much more expensive," "harder to get," and giving a "much better high." At that time, Harrison asked Schneider to determine whether Edwards could supply Harrison's "brother" with a large quantity of the marijuana. Schneider subsequently informed Harrison that Edwards would sell 15 pounds of sinsemilla for $1,200 per pound. As compensation for his services, Schneider was to receive a portion of the marijuana.

Schneider testified that after he had arranged the deal Edwards informed him that the sinsemilla was unavailable and that only Columbian marijuana could be obtained. Schneider said he became suspicious of Edwards and advised Harrison that he "wanted out" of the deal. Schneider testified that Harrison "got upset, a little bit angry" and told Schneider that if he did not go through with the transaction his "brother" and others "were going to be on the street, looking for [Schneider]." Schneider's friend and shipboard roommate corroborated Schneider's account of this threat. Consequently, Schneider decided to continue with the

transaction because "it would be safer to go through with it than to back out."

About 6:10 p.m. on December 6, 1983, Schneider and Harrison met with Detective Smith at Smith's motel room. Schneider advised Smith that Edwards, his supplier, had previously sold most of his sinsemilla but that he had a large quantity of Columbian marijuana. Schneider told Smith that he and Edwards probably would want to see the money before they brought the marijuana to the room and that Edwards would be armed.

That night, about ten o'clock, Schneider and Edwards arrived at the motel room where Smith showed Edwards the money. Edwards said, "Everything looks good" and showed Smith a sample of the marijuana that would be sold. Schneider and Edwards then departed, stating that they would return in approximately 40 minutes with the marijuana.

About midnight, Schneider and Edwards returned. Edwards had a handgun in one hand and a bag containing marijuana in the other. The marijuana was exchanged for $15,200, and Schneider assisted in weighing the marijuana and counting the money. Thereupon, Schneider and Edwards were arrested.

Schneider, invoking the defense of entrapment, contended that he would have abandoned his role in the unlawful transaction but for Harrison's threat of reprisal. The trial judge, as the trier of fact, rejected Schneider's contention.

■ In *Stamper* v. *Commonwealth*, 228 Va. 707, 324 S.E.2d 682 (1985), we reiterated the definition of entrapment previously adopted from Justice Roberts' concurring opinion in *Sorrells* v. *United States*, 287 U.S. 435, 454 (1932): "Entrapment is the conception and planning of an offense by an officer, and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion, or fraud of the officer. . . ." 228 Va. at 715, 324 S.E.2d at 687. The defense of entrapment is based on a rule of fairness which bars a conviction resulting from improper police conduct. *Wood* v. *Commonwealth*, 213 Va. 363, 367, 192 S.E.2d 762, 765 (1972).

■ Also in *Stamper*, we said that "[t]here is nothing improper in the use, by the police, of decoys, undercover agents, and informers to invite the exposure of willing criminals and to present an opportunity to one willing to commit a crime." 228 Va. at 715, 324 S.E.2d at 687. When the police merely afford an opportunity for the commission of a crime to one willing to commit it, a subse-

quent conviction will not be barred on the ground of entrapment. *Johnson* v. *Commonwealth*, 211 Va. 815, 817-18, 180 S.E.2d 661, 663 (1971). Entrapment occurs only when the criminal conduct was the product of a " 'creative activity' that implants in the mind of an otherwise innocent person the disposition to commit an offense." *Id.*

█ In a jury trial, it is a trial court's function to determine whether there is sufficient evidence to submit the issue of entrapment to a jury. *See Cogdill* v. *Commonwealth*, 219 Va. 272, 279, 247 S.E.2d 392, 396-97 (1978); *Ossen* v. *Commonwealth*, 187 Va. 902, 911, 48 S.E.2d 204, 209 (1948); *see also Sorrells* v. *United States*, 287 U.S. at 452. In considering this question the court must view the evidence in the light most favorable to the theory of entrapment. *Neighbors* v. *Commonwealth*, 214 Va. 18, 19, 197 S.E.2d 207, 208-09 (1973).

█ When a defendant waives a jury trial the trial judge assumes the role of the jury in deciding whether entrapment has occurred. Accordingly, his factual findings are entitled to the same weight as that accorded a jury verdict and will not be disturbed on appeal unless plainly wrong or without evidence to support them. *Evans* v. *Commonwealth*, 215 Va. 609, 613, 212 S.E.2d 268, 271 (1975); *Granberry* v. *Commonwealth*, 184 Va. 674, 678, 36 S.E.2d 547, 548 (1946). This is so because the credibility of witnesses and the weight accorded their testimony are matters solely for the fact finder who has the opportunity of seeing and hearing the witnesses. *Coppola* v. *Commonwealth*, 220 Va. 243, 252, 257 S.E.2d 797, 803 (1979), *cert. denied*, 444 U.S. 1103 (1980); *see United States* v. *Riley*, 363 F.2d 955, 958 (2d Cir. 1966) (entrapment cases present issues of credibility the resolution of which is "peculiarly within the jury's province").

Schneider concedes that he was a willing participant in arranging the drug transaction and that "the Commonwealth's case would have been well founded but for the subsequent actions of Harrison."* Schneider contends, however, that he became suspicious of Edwards and feared that Edwards might be a police officer or a thief planning a "rip-off." Schneider says that, because of this fear, he advised Harrison that he wanted to withdraw from the enterprise. He claims that he continued with the transaction

---

* We assume, without deciding, that Harrison was a police agent and that his alleged threat constituted state action.

solely because Harrison threatened that if Schneider abandoned the plan, Harrison, his "brother," and others "were going to be on the street, looking for [Schneider]."

■ We believe the evidence, when viewed in the light most favorable to the theory of entrapment, was sufficient to create an issue thereon for the fact finder. The fact finder in the present case was the trial judge, and in that capacity, was unpersuaded by the defendant's evidence.

As the trier of fact, the judge determined the credibility of the witnesses and the weight of the evidence. In doing so, he could consider the appearance and manner of the witnesses, their bias, and their interest in the outcome of the case. He could use his common sense in judging the testimony of the witnesses and consider their testimony in the light of other evidence in the case.

The trial court reasonably could infer from the evidence that Schneider continued in the transaction for his personal benefit and not out of fear of reprisal. The undisputed evidence established that Schneider, a "heavy" marijuana user, expected to receive a share of the marijuana as compensation for his services. Indeed, evidence of Schneider's conduct during the perpetration of the crime supports the conclusion that he continued to be a willing participant. As middleman, he made three trips to the motel room to arrange the consummation of the sale and assisted in weighing the marijuana and counting the money.

The issue of entrapment was a factual issue resolved by the trial court in its capacity as trier of fact. When we accord the judge's factual findings the weight to which they are entitled, we cannot say as a matter of law that they are plainly wrong or unsupported by the evidence. Accordingly, we will affirm the judgment of the trial court.

*Affirmed.*