## CIRCUIT COURT OF AMHERST COUNTY

Commonwealth of Virginia

v.

Keith L. Roberson

December 10, 1991

BY JUDGE J. MICHAEL GAMBLE

[A] Suppression Motion . . . has been filed on behalf of Mr. Roberson . . . .

First, it is clear that the Commonwealth of Virginia follows the definition of entrapment set forth in Mr. Justice Roberts' concurring opinion in *Sorrells v. The United States*, 287 U.S. 435, 454 (1932). *Schneider v. Commonwealth*, 230 Va. 379, 381 (1985).

The Supreme Court of Virginia in *Schneider v. Commonwealth*, following Justice Roberts' concurring opinion in *Sorrells*, stated as follows:

> Entrapment is the conception and planning of an offense by an officer and his procurement of its commission by one who would not have perpetrated it except for trickery, persuasion, or fraud of the officer . . . the defense of entrapment is based upon a rule of fairness which bars a conviction resulting from improper police conduct. 230 Va. at 381.

Accordingly, it is clear that Virginia follows the objective test rather than the subjective test. This is further bolstered by the adoption of instruction 54.400 of the Model Jury Instructions.

It is the function of the Court in a jury trial to determine whether or not there is sufficient evidence to submit the entrapment instruction to a jury. Additionally, it seems clear to me that if the Court can determine whether evidence is sufficient to submit an entrapment instruction to the jury, it is also within the province of the court to

rule as a matter of law that entrapment has occurred and dismiss the case. *Schneider v. Commonwealth,* 230 Va. 379, 382 (1985).

Accordingly, the issues of whether an entrapment instruction should be given to the jury or whether entrapment should be ruled as a mater of law are purely factual issues which must be resolved at trial rather than at a pre-trial suppression hearing.

The defendant, however, also argues that improper police conduct can rise to a constitutional level under the due process provisions of the Fifth Amendment of the United States Constitution which require a dismissal. Accordingly, the defendant has also filed a Motion to Suppress which would arguably require a hearing under § 19.2–399 of the Code of Virginia (1950), as amended. This theory is based upon the *dicta* of Justice Rhenquist's opinion in *United States v. Richard Russell,* 411 U.S. 423 (1973). There Justice Rhenquist stated as follows:

> we may someday be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principals would absolutely bar the government from invoking judicial process to obtain a conviction . . . . 411 U.S. at 431–432.

No case decided by the United States Supreme Court or the Appellate Courts of Virginia has yet to find law enforcement conduct so outrageous that it rises to a violation of due process rights under the Fifth Amendment of the United States Constitution. Therefore, notwithstanding the *dicta* in *Russell,* this is not a defense upon which a suppression hearing can be held under § 19.2–399 of the Code of Virginia (1950), as amended.

In *Hampton v. The United States,* 425 U.S. 484 (1976), Justice Rhenquist retreated from the idea that police misconduct in an entrapment context could rise to a due process bar to governmental prosecution. In *Hampton* Justice Rhenquist stated:

> The remedy of the criminal defendant with respect to acts of Government agents, which, far from being resisted, are encouraged by him, lies solely in the defense of entrapment. 425 U.S. at 490.

Further, the court in *Hampton* noted:

> The limitations of the Due Process Clause of the Fifth Amendment come in to play only when Government activ-

ity in question violates some protected right of the *defendant*. 425 U.S. at 490.

In the instant case, the motion of the defendant alleges that his cousin talked him into selling prohibited substances to an undercover agent on the pretext that his cousin was having some difficulty with the law and needed money to extract himself from that situation. The cousin was allegedly being paid $400.00 per transaction by the undercover agent. While this situation may rise to the level of an entrapment, it is not a violation of any express protected right of the defendant. An example of a protected right would be the right to remain silent, the right to an attorney, etc.

Accordingly, it is the ruling of this Court that Section 19.2–399 of the Code of Virginia (1950), as amended, allows a suppression hearing for a violation of the Fourth, Fifth, or Sixth Amendment rights of the defendant. Because the alleged misconduct does not rise to the level of a violation of these rights, the defendant is not entitled to a suppression hearing and the issue of entrapment must be resolved at trial.

As a related matter, the defendant is charged with five different offenses occurring in May and June, 1991. Even if the first offense occurring on May 2, 1991, is not the first case tried by the Commonwealth, this Court will allow the defendant to submit evidence to the jury on the issue of entrapment arising from his relationship with the cousin and Officer Cumby occurring prior to and on May 2, 1991.