COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Senior Judge Cole
Argued at Richmond, Virginia

CARLTON HARRIS, s/k/a
 CARLTON F. HARRIS
                                    MEMORANDUM OPINION[*] BY
v.  Record No. 1773-94-2         JUDGE JAMES W. BENTON, JR.
                                      JANUARY 16, 1996
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
                  Charles L. McCormick, III, Judge

            Robert E. Hawthorne, Jr. (Hawthorne &
            Hawthorne, P.C., on brief), for appellant.

            Margaret Ann B. Walker, Assistant Attorney
            General (James S. Gilmore, III, Attorney
            General, on brief), for appellee.


     A jury convicted Carlton F. Harris of possessing cocaine in

violation of Code § 18.2-250.  Harris contends the evidence was

insufficient to prove beyond a reasonable doubt that he possessed

the cocaine.  We affirm the conviction.

                                I.

     "Where the sufficiency of the evidence is challenged after

conviction, it is our duty to consider [the evidence] in the

light most favorable to the Commonwealth and give it all

reasonable inferences fairly deducible therefrom."  Higginbotham

v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

So viewed, the evidence proved that officers at Mecklenburg

Correctional Center, a penitentiary, conducted a search of

Carlton Harris' cell and the adjacent cell.  Harris, who lived

alone in the six feet by nine feet cell, cooperated with the

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

officers conducting the search. During the search of Harris' cell, one of the officers examined a corncob pipe that was in a cup on a table. The pipe contained a plastic wrapper that held a white substance. Laboratory tests established that the substance was cocaine.

Although the penitentiary's policy forbids an inmate from entering another inmate's cell, both Commonwealth and defense witnesses testified that inmates often enter other inmates' cells. Two inmates, Mark Peace and John Colclasure, testified for the defense that they entered Harris' cell on the day of the search. Peace testified "it's a possibility" that he left something in a corncob pipe in Harris' cell on that day. He denied placing drugs in Harris' cell.

Colclasure, a self-described "drug fiend" who occupied a cell next to Harris, testified that he knew of the search in advance. He said that he placed the cocaine and pipe in Harris' cell prior to the search when Harris went to get ice. Colclasure described the contents of the pipe. However, he admitted on cross-examination that he saw the officer remove the pipe during the search. Colclasure denied seeing the officer search the pipe and said he knew of the cocaine in the pipe because the cocaine belonged to him.

Colclasure further described an elaborate scheme by which he intended to involve Harris unwittingly in a plan to entrap a guard who was selling marijuana. Colclasure also testified that

he once planned an escape, possessed weapons while in prison, and obtained drugs by having his visitors smuggle them into the prison.

Harris testified he did not know the pipe or cocaine was in his cell until the officer discovered it. He also testified that Colclasure entered his cell several times before the search. He did not remember Colclasure leaving anything in his cell. Harris further testified that during his three years of incarceration he never had a visitor.

## II.

To prove possession, the Commonwealth must show that Harris was aware of both the presence and character of the substance and that he had dominion and control over it. Wymer v. Commonwealth, 12 Va. App. 294, 300, 403 S.E.2d 702, 706 (1991). This possession may be constructive and not actual. Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982).

When asked by Harris' counsel why the search occurred, one of the officers testified that the prison authorities believed that Harris received contraband that day, which was visitation day at the penitentiary. The evidence also proved that prior to the search Harris was locked in his cell by himself. The cocaine was discovered among Harris' possessions. Although proximity to the drugs does not establish possession, it is a factor to be considered. Id. at 716, 292 S.E.2d at 360. Moreover, while occupancy of a specific area is not dispositive of possession, it

is certainly powerful evidence in a case such as this where only Harris lived in the small cell.  See id.

Furthermore, the credibility of witnesses and the weight of their testimony are matters to be determined by the jury. Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985).  Peace testified that he possibly put something in the corncob pipe.  Colclasure, who admitted that he and Harris smoked marijuana together in prison, claimed to have placed the cocaine in the pipe.  The jury could have rejected both of these versions of events as untruthful efforts to assist Harris.  See Crumble v. Commonwealth, 2 Va. App. 231, 236, 343 S.E.2d 359, 362 (1986).

The principle is well established that "'the testimony of a witness may be wholly rejected by a jury, if from his manner and the improbability of his story or his self contradiction in the several parts of his narrative, the jury become convinced that he is not speaking the truth.'"  Presley v. Commonwealth, 185 Va. 261, 266, 38 S.E.2d 476, 478 (1946)(citation omitted).  Much of Colclasure's testimony was intended to convey to the jury that he "set-up" Harris.  Colclasure's testimony also consisted of a long list of prohibited activities that he participated in while incarcerated.  His testimony in its entirety was related in such a fashion that the jury reasonably could have disbelieved that he truthfully testified.

In this case the Commonwealth had to prove Harris' knowledge

by circumstantial evidence.  We conclude that the evidence was sufficient to prove beyond a reasonable doubt that Harris possessed the cocaine.  "[A]ll necessary circumstances proved [were] consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence."  Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982) (citation omitted).

Accordingly, the conviction is affirmed.

Affirmed.