COURT OF APPEALS OF VIRGINIA


Present: Judges Coleman, Willis and Bumgardner
Argued at Richmond, Virginia


FELICIA GREGG O'BRIEN, A/K/A
 FELICIA K. GREGG
                                   MEMORANDUM OPINION[*] BY
v.    Record No. 2400-97-2        JUDGE RUDOLPH BUMGARDNER, III
                                       OCTOBER 6, 1998
COMMONWEALTH OF VIRGINIA


         FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Thomas N. Nance, Judge

         Elwood Earl Sanders, Jr., Director
         Capital/Appellate Services (Public Defender
         Commission, on briefs), for appellant.

         Kathleen B. Martin, Assistant Attorney
         General (Mark L. Earley, Attorney General, on
         brief), for appellee.


     Felicia Gregg O'Brien appeals her convictions of involuntary

manslaughter and unlawful wounding.  She argues that the trial

court erred in denying her motion to strike and not ruling that

she acted in self-defense.  Finding no error, we affirm the

convictions.

     We construe the evidence in the light most favorable to the

Commonwealth with all reasonable inferences fairly deducible

therefrom.  See Higginbotham v. Commonwealth, 216 Va. 349, 352,

218 S.E.2d 534, 537 (1975).  Evidence that conflicts with the

Commonwealth's case must be discarded.  See Cirios v.

Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988).

_____

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

The trial court's ruling will not be disturbed on appeal unless plainly wrong or without evidence to support it.  See <u>Smith v. Commonwealth</u>, 17 Va. App. 68, 71, 435 S.E.2d 414, 416 (1993).

The victim and the defendant were part of two separate groups that had been squabbling with each other.  The victim was riding with Tomekia Newell when they spotted the defendant and two friends at a gas station.  Newell pulled into the station and stopped her car near the defendant.  Newell planned to ask the defendant what the problem was between the two groups.  As the defendant approached, Newell and the victim got out of the car and stood beside each other.  The defendant had keys in her right hand which she made into a fist with the keys protruding between her fingers.  She swung, Newell threw up her arm to block the blow, and the keys punctured Newell's hand.

Newell got a tire iron from her car and hit the defendant in the head with it.  One of the defendant's friends grabbed Newell and fought with her while the defendant fought with the victim.  When the fighting stopped, the victim walked back and got into Newell's car, and the two left.  The victim was bleeding from wounds received in the fight.  She passed out on the way to the hospital and died in surgery.

The victim died of a stab wound to her neck that severed the subclavian artery.  The autopsy showed that she was stabbed five times:  on the left side of her neck, the base of her neck, her chest, her left arm, and her chin.  The edges of the wounds

were sharp, not very wide, but deep. An instrument between one and two centimeters wide caused them.

After the fight the defendant went to a hospital complaining of an assault. She required ten stitches to close her head wound. She explained her injury to the officer who came to the hospital to investigate her assault. The defendant said that while she was in a phone booth a female came up and hit her with a bottle. The next morning after being charged with the murder, she told a different story. She claimed that the victim had hit her in the head, and in defense of herself, she picked up something off the ground and started swinging. The defendant admitted that she told a false story the night before.

O'Brien asserts the evidence is insufficient to convict because the Commonwealth introduced her statement that supports a self-defense theory. She argues that when it introduced her statement the Commonwealth introduced evidence that conflicted with its theory that the defendant was the aggressor. She concludes that two theories arise from the Commonwealth's evidence, and the conviction cannot stand because one theory is a hypothesis of innocence. We find this argument unconvincing.

That part of a confession that offers a theory favorable to the defendant does not bind the Commonwealth. "Confessions are to be weighed like all other evidence and a jury may believe them in whole or in part, as reason may decide. If from the confession itself, or other evidence, it appears to a rational

mind that a part is not true, a jury does not have to accept it."
Durham v. Commonwealth, 214 Va. 166, 169, 198 S.E.2d 603, 606
(1973).  The fact finder may infer that defendant intended to
conceal her guilt with self-serving testimony.  See Price v.
Commonwealth, 18 Va. App. 760, 768, 446 S.E.2d 642, 647 (1994).

This case rests on the credibility of the witnesses.
Newell's testimony contradicts that of the defense and is not
inherently incredible.  See Robertson v. Commonwealth, 12 Va.
App. 854, 858, 406 S.E.2d 417, 419 (1991).  It is the exclusive
province of the fact finder to assess the credibility of the
witnesses and to weigh their testimony.  See Schneider v.
Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985).
The trier of fact was free to disregard the defendant's evidence
of self-defense, and the evidence is sufficient to support the
convictions.  See Bell v. Commonwealth, 2 Va. App. 48, 56, 341
S.E.2d 654, 658 (1986).

Concluding that the trial court properly denied the motion
to strike, we affirm the judgment.

Affirmed.