COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Willis and Bumgardner
Argued at Richmond, Virginia


DAVID LEWIS GOODE, JR.
                                    MEMORANDUM OPINION* BY
v.   Record No. 1578-97-2        JUDGE RUDOLPH BUMGARDNER, III
                                         OCTOBER 6, 1998
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF CHARLOTTE COUNTY
                  Charles L. McCormick, III, Judge

          Maureen L. White (Theodore N. I. Tondrowski,
          on brief), for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


     A jury convicted David Lewis Goode, Jr. of voluntary

manslaughter.  The defendant appeals contending that the evidence

is insufficient to prove his guilt.  Finding the evidence is

sufficient to sustain the verdict, we affirm.

     On appeal, we view the evidence in the light most favorable

to the Commonwealth and grant to it all reasonable inferences

fairly deducible therefrom.  See Higginbotham v. Commonwealth,

216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  Voluntary

manslaughter is the unlawful killing of another without malice,

while in the heat of passion upon reasonable provocation or

mutual combat.  See Barrett v. Commonwealth, 231 Va. 102, 105-06,

341 S.E.2d 190, 192 (1986).  "[W]hether a killing was done in the

_____
     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

heat of passion upon reasonable provocation is a question of fact." Canipe v. Commonwealth, 25 Va. App. 629, 643, 491 S.E.2d 747, 754 (1997) (citation omitted).

The evidence shows that a group of people including the victim, Daniel Clark, was drinking outside a store in Charlotte County. The defendant drove up and parked. His passenger got out, went over, and spoke to the victim. The victim then went to the defendant's car and got in it. From the point that the victim got in the defendant's car, the stories of the witnesses vary. The witnesses differed over who was the aggressor and the timing and sequence of events.

One Commonwealth witness, Joanne Townsend, who was only three feet from the car, stated that as soon as the victim sat in the car, the defendant raised a gun. The victim knocked it down, and the gun discharged as the two fought over it. After the gun discharged, the witness accounts converged again. The victim got out of the car complaining of a wound to the lower abdomen. He bled to death from the single gunshot wound. The other injuries inflicted were a small cut over the defendant's eye and seven semicircular abrasions to the victim's face. Those abrasions could not be caused by a fist.

Joanne Townsend's testimony alone would prove the elements of the crime. The jury believed it, and it was not contrary to human experience or inherently incredible. Great deference is given to the fact finder who, having seen and heard the

witnesses, assesses their credibility and weighs their testimony. See Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985); Daung Sam v. Commonwealth, 13 Va. App. 312, 318, 411 S.E.2d 832, 835 (1991). The fact finder's determination that a witness is credible "may only be disturbed on appeal if this Court finds that [the witness'] testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" Robertson v. Commonwealth, 12 Va. App. 854, 858, 406 S.E.2d 417, 419 (1991) (quoting Fisher v. Commonwealth, 228 Va. 296, 299-300, 321 S.E.2d 202, 204 (1984)). A trial court's judgment will not be disturbed unless it is plainly wrong or without evidence to support it. See Code § 8.01-680; Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.3d 719, 721 (1988).

The defendant argues that he is entitled to an acquittal based on justifiable homicide because he retrieved the gun in self-defense. See Bailey v. Commonwealth, 200 Va. 92, 96, 104 S.E.2d 28, 31 (1958). The defendant has the burden of going forward with evidence of self-defense, and the jury is entitled to accept or reject any testimony offered. See Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).

The defendant told the investigating officer that the victim entered the passenger side of his car and had hit him with something. The defendant originally claimed that the gunshot came from outside the car. After the investigator told him the

victim was dead and he had spoken to other witnesses, the defendant changed his story. He said that to protect himself he reached under his seat and got the gun to frighten the victim. He claimed that the victim took the gun from him, they had scuffled, the defendant got the gun back, and it fired.

The jury did not accept the defendant's version of the evidence nor his claim of self-defense. Other evidence permitted the jury to find that the defendant was the aggressor, see Lamb v. Commonwealth, 141 Va. 481, 488, 126 S.E. 3, 5 (1925), and no evidence suggested that he retreated after he provoked the fight. See Dodson v. Commonwealth, 159 Va. 976, 979-80, 167 S.E. 260, 261 (1933) (citation omitted). We hold that the evidence is sufficient to sustain the defendant's conviction of voluntary manslaughter. Accordingly, we affirm the conviction.

Affirmed.