COURT OF APPEALS OF VIRGINIA

Present: Judges Coleman, Bumgardner and Lemons
Argued at Salem, Virginia


BONNELL B. BOYD

v.    Record No. 2038-97-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE RUDOLPH BUMGARDNER, III
DECEMBER 8, 1998

FROM THE CIRCUIT COURT OF HENRY COUNTY
David V. Williams, Judge

> Steven D. Benjamin (Betty Layne DesPortes;
> Benjamin & DesPortes, P.C., on briefs), for
> appellant.

> Marla Graff Decker, Assistant Attorney
> General (Mark L. Earley, Attorney General;
> Eugene Murphy, Assistant Attorney General, on
> brief), for appellee.


A jury convicted Bonnell B. Boyd of two counts of statutory rape and one count of object sexual penetration. He appeals four rulings by the trial court: (1) it denied him access to the victim's psychiatric records; (2) it directed the Commonwealth to review those records for exculpatory evidence; (3) it instructed the jury they were not to consider parole in fixing punishment; and (4) it denied his motion to set aside the verdict. Finding no error, we affirm the convictions.

The testimony comes primarily from the victim who was thirteen years old. She recounted the incidents which occurred in July, September, and October 1995. On each occasion the

---

[*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

victim was staying at a hotel with her step-grandfather, the defendant.  On the second occasion she was with her sister, and on the third she was with a teenage boyfriend.  The victim testified that the first two times the defendant made sexual advances towards her and then had sexual intercourse with her.  On the third occasion, the defendant tried to make her first have sex with her friend and then with him.  She refused, but later in the evening while sleeping in the same bed with the defendant, he inserted his finger into her vagina.

The teenage friend recalled the night he and the victim spent the night with the defendant in his hotel room.  The friend recalled many of the details of what happened between the victim and her step-grandfather and these tended to corroborate the victim's account.  However, the friend neither confirmed nor refuted whether the sexual act took place.

The victim received treatment as a patient at DeJarnette's Center which is an agency of the Department of Mental Health/Mental Retardation.  The defendant obtained a subpoena duces tecum for the victim's mental health records pursuant to Rule 3A:12(b).  The trial court ordered the records returned to the court rather than delivered to the attorneys.  After the trial court had reviewed all the subpoenaed records in camera, it held a hearing to determine whether the defendant was entitled to them.  The defendant gave the following reasons to justify his need to have the records:

> It may lend some -- shed some light on what

her motivation was. There are times that the story that she has told just seems down right fabricated and if her mental evaluation could show that possibly she is, and this is just an example because I don't know what is in there, but it would show that, you know, that she had a problem telling the truth or that she used some type of hallucinogenic drugs that may affect her ability to tell the truth; then that is relevant and material to the defense in this case.

The trial court ruled that the records were not exculpatory and were psychiatric in nature. It noted that there was no evidence "that would indicate that [the victim] was unable to see, understand, perception type issues with the exception of, perhaps, this marijuana deal." The court added that had there been any suggestion that the victim was a fabricator, delusional, or "believing things happened that didn't actually happen or that type of thing," the records would have been released. It noted that the defendant was informed about the victim's admission to having tried marijuana. The trial court further advised that it would keep the file open and if developments during trial showed that any of the records had become material, he would alter his ruling. The defendant never renewed the motion or asserted an additional reason for obtaining access to the documents.

The defendant argues the trial court applied the wrong standard for discovery of the records when it ruled that the records were not exculpatory. While the trial court did rule the records were not exculpatory, it also ruled they were not material to the defense.

A defendant is entitled to subpoena records when the evidence sought is material or if a substantial basis for claiming materiality exists. See Cox v. Commonwealth, 227 Va. 324, 328, 315 S.E.2d 228, 230 (1984). "A subpoena duces tecum should not be used when it is not intended to produce evidentiary materials but is intended as a 'fishing expedition' in the hope of uncovering information material to the defendant's case." Farish v. Commonwealth, 2 Va. App. 627, 630, 346 S.E.2d 736, 738 (1986) (citation omitted). Here, as in Farish, the defendant failed to establish that the records were material to the defense or that a substantial basis for claiming materiality exists.

The defendant asserts that the records were material because they would permit an attack on the victim's credibility. He argued at trial that the records "may shed some light on what her motivation was"; they "could show that possibly" she had trouble telling the truth; or they may show she used some sort of hallucinogenic drugs "that may affect her ability to tell the truth." The defendant conceded, "I don't know what is in there." The defendant acknowledges, in effect, that he was investigating, exploring possibilities; he was engaging in a fishing expedition. Before he can satisfy the public policy concerns against allowing a defendant to bring out potentially embarrassing and unrelated details of the victim's personal life, the defendant must demonstrate that the records were material. Here, the proffer did not do this. To the contrary, the proffer

showed the defendant wanted access to the records in the hope of uncovering information material to his case.  See id.  Showing substantial materiality may be a difficult burden because the defendant does not know the content of that which he seeks to discover.  However, the law imposes this burden before ordering the release of private, confidential records.

Here, the defendant theorized that the victim had problems telling the truth and might fabricate stories.  Unless he has a substantial basis for claiming materiality exists, his claim for access to the victim's psychiatric records is based on the assumption that any record of mental health treatment lessens credibility.  That is not correct.  Psychiatric records concerning mental health issues are not always material to the credibility of a witness.  Absent a representation that the particular records do contain such evidence, the defendant has not shown that he is entitled to personal, confidential records.  Finding that the defendant failed to show that the records were material, we affirm the trial court's ruling.

Next, the defendant claims that the trial court violated his constitutional rights by ordering the Commonwealth to review the psychiatric records to see if they contained exculpatory evidence.  The defendant never objected to this ruling until after the trial.  His objection comes too late.  See Rule 5A:18; Barnabei v. Commonwealth, 252 Va. 161, 477 S.E.2d 270 (1996), cert. denied, 117 S. Ct. 1724 (1997).

During the sentencing deliberations the jury asked whether the sentences would run concurrently and "how does parole fit into this?" The court responded to the juror's question in open court as follows: "Parole is a matter for the parole board and I can't really tell you what effect that may or may not have on the situation. I wish I could tell you more but legally that's all I can tell you." The defendant contends that the instruction was incorrect.

Before answering the jury's question the trial court said, "and Counsel, help me if I misstate anything." The defendant remained silent and made no objection to the instruction as it was given. The defendant now argues that he failed to object because he had no time during the court's statement to the jury even though invited by the judge to do so. The claim is barred by Rule 5A:18.

Finally, the defendant alleges that the trial court erred in denying his motion to set aside the verdict and grant a new trial. We find that there was sufficient evidence to support the verdict. Accordingly, we find no error in the court's refusal to grant defendant's motion.

When considering the sufficiency of the evidence on appeal, we consider the evidence in the light most favorable to the Commonwealth with all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). A trial court's judgment will not be

disturbed on appeal unless it is plainly wrong or without evidence to support it. See Code § 8.01-680; Stockton v. Commonwealth, 227 Va. 124, 145-46, 314 S.E.2d 371, 381 (1984), cert. denied, 489 U.S. 1071 (1989).

The victim's testimony furnished proof on each element of each offense. If believed, it would constitute proof beyond a reasonable doubt. This trial was a trial of credibility as was acknowledged by the defendant during oral argument. The verdict reflects that the jury found the victim to be credible.

The credibility of witnesses and the weight to be accorded their testimony are matters solely for the fact finder, who has the opportunity to see and hear the witnesses, to observe their demeanor, and to weigh their explanation of events. See Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985). The fact finder's determination that a witness is credible "may only be disturbed on appeal if this Court finds that [the witness'] testimony was 'inherently incredible, or so contrary to human experience as to render it unworthy of belief.'" Robertson v. Commonwealth, 12 Va. App. 854, 858, 406 S.E.2d 417, 419 (1991) (quoting Fisher v. Commonwealth, 228 Va. 296, 299-300, 321 S.E.2d 202, 204 (1984)).

For the foregoing reasons, we affirm the trial court's rulings.

Affirmed.