COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Bray and Annunziata
Argued at Norfolk, Virginia


GEORGE McLEAN, JR.

MEMORANDUM OPINION* BY
v.   Record No. 1159-98-1          JUDGE JERE M. H. WILLIS, JR.
                                        JUNE 22, 1999
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Randolph T. West, Judge

Jeffrey C. Rountree for appellant.

Linwood T. Wells, Jr., Assistant Attorney
General (Mark L. Earley, Attorney General, on
brief), for appellee.


On appeal from his conviction of possessing a firearm while unlawfully selling alcoholic beverages, in violation of Code § 4.1-318, George McLean, Jr., contends that the evidence was insufficient to support his conviction. We disagree and affirm the judgment of the trial court.

> On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.

*Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). When the sufficiency of the evidence is challenged on appeal, "it is our duty to look to that evidence which tends to support the verdict and to permit the verdict to stand unless plainly wrong." Snyder v. Commonwealth, 202 Va. 1009, 1016, 121 S.E.2d 452, 457 (1961). See Johnson v. Commonwealth, 2 Va. App. 598, 604-05, 347 S.E.2d 163, 167 (1986) ("Circumstantial evidence . . . is sufficient to sustain a conviction.").

On March 27, 1997, Newport News police officers executed a search warrant on the residence of George McLean, Jr. Several people were inside the house playing cards, and the officers noted the presence of liquor bottles, beer bottles, and Styrofoam cups containing liquid in the living room, kitchen, and bedroom of the house. An ABC officer identified McLean as the man who had sold him alcohol illegally on a previous occasion. The officers found four firearms, crack cocaine, and large amounts of cash in the bedroom.

In a bench trial, McLean was found guilty of possessing a firearm while unlawfully selling alcoholic beverages, in violation of Code § 4.1-318, and was sentenced to five years imprisonment, all of which was suspended.[1]

---

[1]McLean was also convicted of possession of cocaine with intent to distribute, in violation of Code § 18.2-248, and possession of a firearm while in possession of a controlled substance with intent to distribute, in violation of Code § 18.2-308.4. The sufficiency of these convictions is not at issue in this appeal.

-

Code § 4.1-318 states, in relevant part, that:

> No person shall unlawfully manufacture, transport or sell any alcoholic beverages, and at the time of the unlawful manufacturing, transporting, or selling or aiding or assisting in any manner in such act, shall carry on or about his person, or have on or in any vehicle which he may be using to aid him in any such purpose, or have in his possession, actual or constructive, at or within 100 yards of any place where any such alcoholic beverages are being unlawfully manufactured, transported or sold, any dangerous weapon as described in Code § 18.2-308.

Code § 4.1-318. McLean contends that the evidence is insufficient to prove that he was selling alcohol contemporaneously with his possession of a dangerous weapon.

At trial, several Newport News police officers testified that they observed large amounts of alcohol in the house, that there were liquor bottles, beer bottles, and white Styrofoam cups with liquid in them, and that people were drinking when they entered. Detective D.M. Best testified that there were at least four individuals "seated around a table with bottles of beer, cans of beer . . . [and] fifth bottles of alcohol." Upon being questioned outside his residence that day, McLean admitted to selling drinks "[a]ll the time." An ABC agent at the house identified McLean as the man who had illegally sold him alcohol, and Charles Whiting, a defense witness, testified that McLean had been selling alcoholic drinks earlier that day. This evidence proved that McLean was selling alcoholic beverages.

-

Sufficient evidence supports the finding that McLean possessed a dangerous weapon while selling the alcohol. Four firearms, dangerous weapons as described in Code § 18.2-308, were recovered from the bedroom of the house. Detective Randy Ronneberg testified that McLean admitted that the bedroom was his and that the Excel shotgun, with serial number 18501 and tape around the stock, was his. McLean also told the officer that two of the firearms were "Mike's" and that he "was holding [the rifle] for another person."

McLean testified that he had stopped selling alcohol a few weeks earlier. He argues that no credible evidence supports the finding that he was selling alcohol while in possession of the firearms. The trial court, however, believed the officers and Whiting, rather than McLean. "[T]he credibility of witnesses and the weight accorded their testimony are matters solely for the fact finder who has the opportunity of seeing and hearing the witnesses." Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985).

The findings of the trial court were supported by evidence and were not "plainly wrong." See Snyder, 202 Va. at 1016, 121 S.E.2d at 457.

The judgment of the trial court is affirmed.

Affirmed.