COURT OF APPEALS OF VIRGINIA


Present: Judges Bray, Frank and Agee
Argued at Chesapeake, Virginia


DIRK WILLIAMS

MEMORANDUM OPINION[*] BY
v.   Record No. 2620-00-1       JUDGE ROBERT P. FRANK
                                DECEMBER 4, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John C. Morrison, Jr., Judge

Jon M. Babineau (Saunders, Babineau &
Brewbaker, on brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney
General (Randolph A. Beales, Attorney
General, on brief), for appellee.


Dirk Williams (appellant) was convicted in a bench trial of

distribution of cocaine, in violation of Code § 18.2-248,[1] and

distribution of cocaine within 1000 feet of school property, in

violation of Code § 18.2-255.2. On appeal, he contends the

evidence was insufficient to prove the transaction took place

"within 1000 feet" of school property, as required by Code

§ 18.2-255.2, and insufficient to prove the building was a

"school." For the reasons stated herein, we affirm appellant's

conviction.

_____

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

[1] This conviction is not before us.

ANALYSIS

The parties are fully conversant with the record; therefore, this memorandum opinion recites only those facts necessary to a disposition of the appeal.

Appellant contends that the evidence was insufficient to prove he distributed cocaine (1) within 1000 feet (2) of an elementary school. "On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987). When the sufficiency of the evidence is challenged on appeal, "it is our duty to look to that evidence which tends to support the verdict and to permit the verdict to stand unless plainly wrong." Snyder v. Commonwealth, 202 Va. 1009, 1016, 121 S.E.2d 452, 457 (1961). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict and will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it." Martin, 4 Va. App. at 443, 358 S.E.2d at 418.

Code § 18.2-255.2(A) provides in part:

> It shall be unlawful for any person to manufacture, sell or distribute or possess with intent to sell, give or distribute any controlled substance, imitation controlled substance or marijuana while (i) upon the property, including buildings and grounds, of any public or private elementary, secondary, or post secondary school, or any public or private two-year or four-year

-

institution of higher education; (ii) upon public property or any property open to public use within 1,000 feet of such school property . . . .

This case involves the weight of the evidence and not admissibility. While appellant raised the issue of the rolling measuring device's calibration during cross-examination of Investigator Michael Maslow, appellant did not object to the admissibility of the investigator's testimony regarding distance. Additionally, the trial court did not have to rely exclusively on the rolling device measurement. Maslow testified he did not remember the exact distance shown on the device, but he remembered the purchase of cocaine took place within 800 feet of the school.

Appellant contends the Commonwealth failed to meet its burden of proof because "no specific testimony was offered as to the number of feet or any testimony with respect to the accuracy of the measuring device to determine the distance." He also maintains no evidence proved where the school property began or ended. Appellant further argues the investigator did not record the distance measured by the device.

Appellant miscontrues Maslow's testimony. Maslow testified the sale was made within 1000 feet from the "edge" of the school building. On re-direct, he testified the distance was "[a] little over two football fields" and indicated a football field was 300 feet. Clearly, the trial court found Maslow's testimony

-

credible. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citing Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985); Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982)).

Appellant also argues the evidence did not indicate the type of school, who owned it, whether it was public or private, and whether it was a "school" as intended by the legislature.

However, Maslow testified, without objection, that the school was "Ingleside Elementary School." Under the facts of this case, the Commonwealth needed to prove that the accused sold a controlled substance on property open to public use and within 1000 feet of any public or private elementary school. Maslow's testimony, obviously believed by the trial court, proved appellant sold cocaine on an open sidewalk within 1000 feet of Ingleside Elementary School.

The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant was guilty of distribution of cocaine within 1000 feet of an elementary school.

We, therefore, affirm the conviction.

Affirmed.

-