COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Felton and Senior Judge Coleman
Argued at Richmond, Virginia


MARCUS ANTHONY JONES
                                            MEMORANDUM OPINION* BY
v.        Record No. 3288-02-2              JUDGE LARRY G. ELDER
                                            MARCH 2, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
F. Ward Harkrader, Jr., Judge

Andrea S. Lantz, Assistant Public Defender (Office of the Public
Defender, on brief), for appellant.

Richard B. Smith, Senior Assistant Attorney General (Jerry W.
Kilgore, Attorney General, on brief), for appellee.


Marcus Anthony Jones (appellant) appeals from his bench trial conviction for obstructing

justice in violation of Code § 18.2-460(C), a Class 5 felony. On appeal, he contends the

evidence was insufficient to prove either a threat of bodily harm or force or an intent to

intimidate. We hold the evidence, viewed in the light most favorable to the Commonwealth,

proved both challenged elements of the offense beyond a reasonable doubt. Thus, we affirm.

On appeal from a criminal conviction, we view the evidence and all reasonable inferences

therefrom in the light most favorable to the Commonwealth. Polk v. Commonwealth, 4 Va. App.

590, 595, 358 S.E.2d 770, 773 (1987). On issues of witness credibility, we defer to the

conclusions of "the fact finder[,] who has the opportunity of seeing and hearing the witnesses."

Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985). On appeal, we

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

may reverse the trial court's findings of fact only if they are plainly wrong or without evidence to support them. Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

Code § 18.2-460(C) provides in relevant part as follows:

> If any person by threats of bodily harm or force knowingly attempts to intimidate or impede a . . . witness[] or any law-enforcement officer, lawfully engaged in the discharge of his duty, or to obstruct or impede the administration of justice in any court . . . relating to the violation of . . . any violent felony offense listed in subsection C of § 17.1-805, [which includes malicious wounding as proscribed in Code § 18.2-51,] he shall be guilty of a Class 5 felony.

Words alone can constitute a violation of the statute. Polk, 4 Va. App. at 594, 358 S.E.2d at 772. "[I]t is the threats made by the offender, coupled with his intent, that constitute the offense." Id. at 593-94, 358 S.E.2d at 772. Although the "effect of the offender's threats . . . is not an element of the crime defined in [the statute]," id., in appropriate circumstances, the effect of a defendant's actions on the alleged victim may be relevant to the issue of whether the actions constituted a threat of bodily harm or force.

Intent, like any element of a crime, may, and usually must, be proved by circumstantial evidence, see Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988), such as a person's conduct and statements, see Polk, 4 Va. App. at 595, 358 S.E.2d at 773. "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." Coleman v. Commonwealth, 226 Va. 31, 53, 307 S.E.2d 864, 876 (1983). "[T]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).

Here, appellant, found by the trial court to be "a physically imposing young man," approached Officer Underwood in an angry, confrontational manner, and reminded Underwood he previously had arrested appellant for malicious wounding. Two of appellant's friends stood within three feet of appellant during most of the encounter. Appellant told Officer Underwood, "[Y]ou better fix [the malicious wounding] charge, this is motherfucking bullshit, and I'm not going out like that." Appellant said "his attorney had advised him . . . he was facing five to ten years" and "that he needed to plea[d] [guilty]." Appellant "[a]gain . . . stated that [the charge] was bullshit" and said it should have been "written up in some other way" because "he didn't really hurt [the victim]." Appellant mentioned a mutual friend and said he "was going to talk to [Officer Underwood] about taking care of the charges."

Appellant stood within arm's length of Officer Underwood on at least two occasions during the confrontation, causing Underwood to move backward to preserve his "safety space." Appellant's demeanor was such that customers nearby began to move away and Officer Underwood feared for both his own safety and the safety of family members who had accompanied him to the store that day. Although appellant never made a fist and never uttered any *specific* threats against Underwood or his family, appellant was loud and confrontational and kept repeating that Underwood "better" fix or "need[ed] to fix this charge." Implicit in appellant's statements was that Officer Underwood had "better" "fix this charge [*or else*]." Underwood, fearing appellant was "going to assault [him]" or engage in "some sort of physical altercation," put his hand on the weapon beneath his shirt, adopted "[his] basic fighting stance," and told appellant "this was not the place to discuss this." Only then did appellant end the encounter and leave the store.

This evidence, viewed in the light most favorable to the Commonwealth, was sufficient to prove both that appellant's actions constituted a "threat of bodily harm or force" and that he acted with the requisite intent to intimidate Officer Underwood. Thus, we hold the evidence was sufficient to support appellant's conviction, and we affirm.

Affirmed.

Coleman, J., dissenting.

In my opinion the evidence is not sufficient to prove the essential element that Jones, either by words or actions, threatened Officer Underwood with 1) bodily harm or 2) force. Accordingly, I respectfully dissent from the majority opinion.

Without question, the fact that Jones approached Officer Underwood in a public setting inside a retail store while Underwood was accompanied by family members and Jones verbally abusing the officer with loud, vulgar, and inappropriate language concerning the officer's arrest of Jones was offensive and unacceptable behavior. However, I fail to find any evidence that Jones threatened Underwood with bodily harm or force. The most that can be said as I read the record and the majority's account of what occurred is that Jones, a physically imposing man, stood within an arm's length of Underwood during his verbally abusive tirade and as Underwood would step back Jones would step forward to maintain the arm's length distance between them. Jones made no threatening gestures or overtures toward Underwood and did not verbally threaten him with any type of bodily harm or with force. I fail to see that maintaining an arm's length distance, even when accompanied by abusive, vulgar language, without more, threatens to do bodily harm or force.

No doubt, Jones expressed extreme displeasure with the fact that he had been charged with malicious wounding and made clear that he wanted or expected Officer Underwood to take some action to intervene. However, Jones made no verbal threat or gestures of bodily harm to Underwood. To the extent that Jones' comment "you better fix this" or "you need to fix this" could be construed, as the majority aptly points out, that he implicitly said "or else," in no way did those words or his actions imply "or else I will physically harm you or use force against you." The "or else" just as reasonably implied "or else, I will suffer the expense and inconvenience of defending myself," "or else, I may go to jail," "or else, I will complain to your superior," "or else, I will sue you," etc., etc., etc. Furthermore, the fact that patrons moved from the area in which Jones was

being loud, abusive and vulgar in no way proves that Jones threatened Underwood with bodily harm or force.

For the foregoing reasons, I disagree with the majority opinion. I would reverse the conviction and dismiss the charge.