COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Haley and Alston
Argued at Alexandria, Virginia


DEAN THOMAS BRADLEY

MEMORANDUM OPINION[*] BY
v.        Record No. 1443-08-4          JUDGE ROSSIE D. ALSTON, JR.
                                        AUGUST 4, 2009

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Robert J. Smith, Judge

J. Burkhardt Beale (Boone Beale, on brief), for appellant.

Rosemary V. Bourne, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Dean Thomas Bradley ("appellant") appeals his conviction of driving while intoxicated,

in violation of Code § 18.2-266.  Appellant asserts that he was unconscious due to the ingestion

of prescription medication at the time of the offense.  Appellant presents two questions on

appeal:  (1) Can a defendant be convicted of driving under the influence of alcohol when in a

state of unconsciousness?; and (2) Is someone guilty of driving under the influence of alcohol if

taking a medication puts them in a state of unconsciousness where that individual is considered

to be sleepwalking or "sleep driving?"  For the reasons that follow, we affirm the decision of the

trial court.

I.  BACKGROUND

On appeal, we review the evidence in the "light most favorable" to the Commonwealth.

Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003).  Therefore, we must

---

[*] Pursuant to Code § 17.1413, this opinion is not designated for publication.

"discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and citation omitted). So viewed, the evidence was as follows.

On April 28, 2007, appellant drove his vehicle into a 20-foot light pole on the I-66 westbound ramp to the Fairfax County Parkway in Fairfax County shortly before 11:00 p.m. Trooper W. Paul was dispatched to the scene. Trooper Paul questioned appellant regarding his alcohol and medication consumption, and appellant indicated that he had ingested Xanax and Ambien at 11:00 p.m. and drank a Yuengling beer at 11:00 a.m. that day. Appellant indicated that he had left his home to purchase cigarettes. After appellant failed three field sobriety tests, Trooper Paul arrested him for driving while intoxicated. Blood alcohol analysis tests indicated that appellant had a blood alcohol level of .21 and that appellant had Ambien in his system.

At trial, appellant testified that he had been prescribed Ambien as a sleep aid. He further stated that on the day of the offense he drank five 12-ounce beers and approximately half a bottle of wine the afternoon of the offense. When cross-examined by the Commonwealth, appellant stated that at a court proceeding in the Fairfax County General District Court, he may have testified that he had consumed alcohol between 7:00 p.m. and 9:00 p.m. He asserted that his statement made in circuit court, that he had consumed alcohol between 2:00 p.m. and 5:00 p.m., was the correct time frame of his consumption of alcoholic beverages.

Appellant testified that at the time of the accident, he was unconscious. He claimed that the last memory he had prior to the accident was lying down in his bed to go to sleep at 11:00 p.m. In fact, appellant stated that he did not remember taking Ambien the day of the offense until his memory was refreshed by the blood test results, which showed Ambien in his system. Finally, appellant stated that the day of the accident was the first time he had ingested

- 2 -

the medication, and on that day he had no prior knowledge of its side effects and was not aware of how it would interact with alcohol.

At trial, the trial court qualified Richard J. McGarry as an expert in the fields of toxicology, pharmacy, and pharmacology. McGarry testified that an undesired side effect of Ambien is the performance of what appear to be conscious acts by individuals in a state of unconsciousness. He stated that reports showed that individuals taking prescribed doses of sleep medication such as Ambien have been known to perform household chores such as ironing clothes, while in a state of unconsciousness. These individuals were effectively sleepwalking.

At trial, appellant raised the defense of involuntary intoxication, claiming that he was in a state of unconsciousness as a result of taking the Ambien and that he was essentially sleepwalking when he crashed his vehicle. At the conclusion of the presentation of the evidence, the trial court found appellant guilty of driving while intoxicated. The trial court did not find that the Commonwealth had met its burden of proof that the blood alcohol level was higher than .20; however, the trial court did find that the appellant's blood alcohol level was higher than .15 based on the evidence presented. In so finding, the trial judge did not make a factual determination as to whether appellant was in a state of unconsciousness at the time of driving his vehicle, nor did the trial judge comment on the unconsciousness defense raised by the appellant. This appeal followed.

## II. ANALYSIS

Appellant raises two issues on appeal: (1) Can a defendant be convicted of driving under the influence of alcohol when in a state of unconsciousness?; and (2) Is someone guilty of driving under the influence of alcohol if taking a medication puts them in a state of unconsciousness where that individual is considered to be sleepwalking or "sleep driving?" Upon consideration of the arguments made before the trial court, the parties' briefs, and oral

arguments, it is clear to this Court that appellant's first question is essentially whether appellant can be found guilty of driving under the influence of alcohol if he was in a state of unconsciousness predicated upon sleepwalking at the time of the offense.

### A. Unconsciousness Defense

"Unconsciousness" is a "'state of mind of persons of sound mind suffering from some voluntary or involuntary agency rendering them unaware of their acts.'" Riley v. Commonwealth, 277 Va. 467, 479, 675 S.E.2d 168, 175 (2009) (quoting Greenfield v. Commonwealth, 214 Va. 710, 714, 204 S.E.2d 414, 417 (1974)). When the unconsciousness is not self-induced, it is a complete defense to a crime. See id. (citing Greenfield, 214 Va. at 714, 204 S.E.2d at 417 ("Where not self-induced, unconsciousness is a complete defense to a criminal homicide.")). "Voluntary intoxication, however, is generally not an excuse for any crime." Id. (citing Swisher v. Commonwealth, 256 Va. 471, 488, 506 S.E.2d 763, 772 (1998)).

"When asserting an affirmative defense, . . . the burden is on the defendant to present evidence establishing such defense to the satisfaction of the fact finder." Id. (citing Shifflett v. Commonwealth, 221 Va. 760, 769, 274 S.E.2d 305, 310 (1981)) (other citations omitted). In the instant case, appellant's involuntary unconsciousness defense was predicated on his assertion that he was in fact sleepwalking due to the ingestion of a sleep aid when the offense occurred. Appellant thus bore the burden of presenting evidence to the satisfaction of the fact finder, that he was unconscious during the commission of the offense. See id.

Appellant testified at trial, and avers on appeal, that he was in fact unconscious at the time of the accident. Further, appellant argues that he showed sufficient evidence that his unconsciousness was involuntary by showing that the day of the offense marked the first time he took Ambien, he was not informed of its side effects, and he was not aware of the effects of mixing alcohol with the medication.

- 4 -

Appellant asserts that the trial judge did not consider his unconsciousness defense because the trial judge did not make a factual determination as to whether appellant was sleepwalking when he drove his vehicle, nor did the trial judge comment on the unconsciousness defense raised by the appellant. Appellant asks this Court to remand the case to the lower court for a determination of whether appellant was sleepwalking. We decline this invitation.

We can infer from the record and appellant's conviction that the trial judge rejected appellant's involuntary unconsciousness defense. See Parks, 221 Va. at 498, 270 S.E.2d at 759. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). The trial judge was in a position to evaluate appellant's credibility, and his decision to reject appellant's assertion that he was unconscious at the time of the offense is supported by the record. We will not disturb the judge's factual finding on appeal unless it is plainly wrong or without evidence to support it. Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736 (1985) (citing Evans v. Commonwealth, 215 Va. 609, 613, 212 S.E.2d 268, 271 (1975); Granberry v. Commonwealth, 184 Va. 674, 678, 36 S.E.2d 547, 548 (1946)).

Here, there were numerous discrepancies in appellant's testimony. For instance, appellant testified at trial that the last thing he remembered prior to the accident was going to bed; however, appellant told Trooper Paul that he had been driving his car to buy cigarettes at the time of the accident. Also at trial, appellant stated that he did not remember ingesting Ambien until his memory was refreshed when he was provided the independent blood analysis results. This testimony is contradicted by appellant's statement to Trooper Paul at the scene of the accident, in which he stated that he had consumed an Ambien that night. Finally, appellant made numerous conflicting statements about his alcohol consumption on the date of the offense.

Again, we can infer from the trial court's ruling that the trial court did not find appellant's testimony that he was unconscious to be credible. As this finding is not plainly wrong or without evidence to support it, we will not disturb it on appeal. Thus, as the factual predicate required for the unconsciousness defense was not satisfied, the trial court did not err in rejecting appellant's involuntary unconsciousness defense.

### B. Unconsciousness through Ingestion of Medication Defense

The second issue raised by the appellant is whether an individual is guilty of driving under the influence of alcohol if taking a medication puts them in a state of unconsciousness where that individual is considered to be sleepwalking or "sleep driving."

This issue is essentially subsumed by our analysis of the first issue and is resolved by our determination that the trial court made no factual finding that appellant was unconscious at the time of the offense. Without a finding that appellant was unconscious at the time of the offense, we need not delve into the question of whether unconsciousness specifically caused by the ingestion of prescription medication constitutes a defense to driving while intoxicated.[1]

### III. CONCLUSION

Accordingly, and contrary to appellant's argument on appeal, we cannot say the trial court erred in rejecting appellant's involuntary unconsciousness defense. Because the trial court

---

[1] The Virginia Supreme Court recently decided <u>Riley</u>, 277 Va. 467, 675 S.E.2d 168, a case with facts analogous to the instant case. Like the Supreme Court in <u>Riley</u>,

> [w]e do not decide today whether a person who ingests medication in accordance with a doctor's or a manufacturer's instructions and then experiences some type of reaction, which could not have reasonably been anticipated and which renders that person unconscious or impaired, loses the unconsciousness defense or the intoxication defense because that person voluntarily ingested the medication.

277 Va. at 482 n.10, 675 S.E.2d at 177 n.10.

did not make a factual finding that appellant was sleepwalking at the time of the accident, the factual predicate underpinning his involuntary unconsciousness defense was missing.  Riley, 277 Va. at 481, 675 S.E.2d at 176.  At the conclusion of the presentation of evidence, the trial court found that proof beyond a reasonable doubt existed that defendant was driving under the influence, with a blood alcohol level greater than .15, but less than .20.  Because the trial court did not err in rejecting appellant's affirmative defense, and there is a sufficient independent basis to find that appellant was intoxicated while driving, we affirm appellant's conviction.

Affirmed.